TUDOR, RESPONDENT, v. NORTHERN PACIFIC RY. CO.,
APPELLANT.

(No. 3,103.)

(Submitted May 6, 1912. Decided May 9, 1912.)

[124 Pac. 276.]

*Personal Injuries—Railroads—Carrier and Passenger—Volenti
Non Fit Injuria—Instructions.*

Personal Injuries—Railroads—Passengers—*Volenti Non Fit Injuria.*
   1.   Of an act done by a railroad conductor at plaintiff's own request
   while a passenger on one of defendant company's trains, he may not
   complain as one of negligence resulting in personal injuries to him.

Same—Erroneous Instruction.
   2.   Where one of two charges of negligence on the part of a railroad
   conductor had been eliminated from the case by plaintiff's own testi-
   mony, which showed that the act forming the basis of it had been done
   at his own request, it was error to instruct the jury that, to entitle plain-
   tiff to recover, proof of negligence in doing either of the acts alleged
   to have been negligent was sufficient.

*Appeal from District Court, Gallatin County; W. R. C. Stew-
art, Judge.*

ACTION by James S. Tudor against the Northern Pacific Rail-
road Company. Plaintiff recovered judgment, and from it and
an order denying it a new trial, defendant appeals. Reversed
and remanded.

*Messrs. Gunn & Rasch, Mr. E. M. Hall,* and *Mr. W. W. Patter-
son,* for Appellant, submitted a brief; *Mr. Patterson* argued the
cause orally.

"In pleading a cause of action growing out of the negligence
of the defendant's servant, it is necessary to allege that the ser-
vant was acting in the course of his duty at the time of the in-
jury." (6 Thompson on Negligence, sec. 7478.) Unless the
complaint contains such an allegation, it cannot support a re-
covery, for the reason that a carrier is not liable for the acts of
its servant if committed outside the scope of his employment.
(6 Cyc. 598.)

The mere allegation that the defendants permitted the passengers to come out in the vestibule and push the plaintiff is insufficient to charge the defendant company with liability for such pushing. A railroad company is not liable to a passenger who is injured by the act of a fellow-passenger, unless the company, or its employees in charge of the train, could reasonably have foreseen and prevented it. (*Glennen* v. *Boston Elevated Ry. Co.*, 207 Mass. 497, 93 N. E. 700; *Lyons* v. *Boston Elevated Ry. Co.*, 204 Mass. 227, 90 N. E. 419; *Twichell* v. *Pecos etc. Ry. Co.* (Tex. Civ. App.), 131 S. W. 243; *Lake Erie & W. R. Co.* v. *Arnold*, 26 Ind. App. 190, 59 N. E. 394; 4 Elliott on Railroads, sec. 1639.)

The complaint alleges that the plaintiff was pushed off the car by the passengers and a certain brakeman of the defendants acting negligently. The proof shows that there were no passengers in the vestibule at the time of the injury, and that plaintiff was knocked off the train by a blow, but by whom the blow was struck, or how it came to be struck, does not appear from the evidence. There is an entire failure of proof of the allegation in the complaint that plaintiff was pushed off the car by the passengers and the brakeman. (*Forsell* v. *Pittsburgh etc. Copper Co.*, 38 Mont. 403, 100 Pac. 218; *Frederick* v. *Hale*, 42 Mont. 153, 112 Pac. 70.)

The mere fact that a passenger is injured is not sufficient to raise a presumption of negligence unless it is shown that the injury complained of "resulted from the breaking of the machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business, or in the appliances of transportation." (*Thomas* v. *Philadelphia etc. R. R. Co.*, 148 Pa. 180, 15 L. R. A. 416, 23 Atl. 989; *Knuckey* v. *Butte Electric Ry. Co.*, 41 Mont. 314, 109 Pac. 979; 2 Cooley on Torts, 3d ed., 1420.)

If the brakeman did strike the plaintiff, he did it willfully, and it follows that the act committed was an assault and battery. (3 Cyc. 1066.) As the complaint alleges that the passengers and brakeman, acting negligently, pushed the plaintiff, and the proof shows that the brakeman, acting willfully and intentionally, struck the plaintiff, there is a fatal variance. In *Neary* v.

*Northern Pacific Ry. Co.,* 41 Mont. 480, 110 Pac. 226, this court said: "A willful act involves no negligence. It is a contradiction in terms to say that an act was done 'willfully and negligently.'" In *Robinson* v. *Helena Light & Ry. Co.,* 38 Mont. 222, 242, 99 Pac. 837, it is said: "The rule contended for by counsel that where the allegation is of willful or wanton wrong, proof of simple negligence will not justify a recovery is, we think, founded upon correct reason, and is supported by the great weight of authority." (See, also, 29 Cyc. 588.)

*Mr. B. B. Law,* and *Messrs. Maury, Templeman & Davies,* submitted a brief in behalf of Respondent; *Mr. Law* argued the cause orally.

No case has been cited by the appellant which goes to the extent of holding that a carrier is not liable to his passenger, during the execution of the contract of carriage, for injuries by a servant of the carrier engaged in executing that contract, unless the servant was acting within the course of his employment. The best courts, and even the most conservative courts, have held that the carrier is liable even though the injuries inflicted by the servant be intentional and willful and entirely outside of the course of his employment. (*Hayne* v. *Union St. Ry. Co.,* 189 Mass. 551, 109 Am. St. Rep. 655, 3 L. R. A., N. S., 605, 76 N. E. 219; *Birmingham Ry. & Elec. Co.* v. *Baird,* 130 Ala. 334, 89 Am. St. Rep. 43, 54 L. R. A. 752, 30 South. 456; *Knoxville Traction Co.* v. *Lane,* 103 Tenn. 376, 46 L. R. A. 549, 53 S. W. 557.) Many courts go to the extent of holding that a carrier undertakes absolutely to protect his passenger against the misconduct of its own servants engaged in executing the contract of carriage. (*Stewart* v. *Brooklyn etc. R. Co.,* 90 N. Y. 588, 43 Am. Rep. 185.)

Appellant insists that as the complaint alleges that it was the passengers and the brakeman that knocked the plaintiff off, and the proof shows that it was the brakeman alone, there is a failure of proof or a fatal variance between the pleadings and the proof. In support of their contention, the appellant cites the case of *Forsell* v. *Pittsburg etc. Copper Co.,* 38 Mont. 403,

100 Pac. 218.  This case certainly does not come within the rule announced in that one.  There is no charge of concurrent negligence in the present case.  This case comes within the rule announced in the case of *Mize* v. *Rocky Mountain Bell Tel. Co. et al.*, 38 Mont. 521, 129 Am. St. Rep. 659, 16 Ann. Cas. 1189, 100 Pac. 971, *Beeler* v. *Butte & London etc. Co.*, 41 Mont. 465, 110 Pac. 528, and many other cases which might be cited from this court wherein this court has held that a plaintiff is not required to prove every act of negligence charged in his complaint; but if the plaintiff proves that any act charged in the complaint was a proximate cause of his injury, then he is entitled to recover.  If the jury found in favor of the plaintiff, and found that the blow which caused him to leave the train was struck by the brakeman, then the jury was justified in finding that the blow was the result of a negligent act on the part of the brakeman.  (*Whalen* v. *Cons. Traction Co.*, 61 N. J. L. 606, 68 Am. St. Rep. 723, 41 L. R. A. 836, 40 Atl. 645.)  The appellant insists that if the brakeman struck and knocked the plaintiff off the car, it was due to a willful act, and that plaintiff cannot recover for the act because he alleged a negligent act.  A sufficient answer to this is that the courts will never presume a willful and an intentional act on the part of one person to injure another; but as was said in the *Whalen Case* above cited, the court will presume a negligent act on the part of such person.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for a personal injury.  The plaintiff recovered judgment against the defendant railway company, and from that judgment and an order denying a new trial the railway company appealed.  There are several assignments of error, but only one need be considered, as it is determinative of this appeal.

The plaintiff, who was a passenger upon defendant railway company's train between Logan and Bozeman, was injured.  In his complaint he charges negligence on the part of the carrier

and the train conductor, as follows: "That at Bozeman, and before the train on which plaintiff was riding came to a full stop, the said defendants negligently opened the vestibule of the said car on which plaintiff was standing and the said defendants negligently permitted a crowd of passengers, greater than the plaintiff could withstand, to surge out upon the platform of the vestibule of the car on which said plaintiff was riding and the said defendants negligently permitted the said crowd of passengers then and there to push, and they and a certain brakeman of the defendant acting negligently did then and there push the plaintiff from the said car." There is also an allegation that the cars were overcrowded, but this fact had nothing whatever to do with the injury, and that ground of negligence, if such it was intended to be, was apparently abandoned at the trial. The evidence failed entirely to support the allegation that any of the passengers contributed to plaintiff's injury, and the court so informed the jury in instruction No. 6 and withdrew that portion of the charge from further consideration.

There were but two grounds of negligence relied upon: First, opening the vestibule door, and, second, forcing the plaintiff [1] from the car while the train was in motion. The evidence given by the plaintiff himself is that the vestibule door was opened by the train conductor at his special request. The plaintiff testified: "About getting the vestibule open, just before I got to Bozeman, I asked the conductor if he would open it so as I wouldn't have to go back through all the people, wanted to get out of there instead of going through the car to get out. The conductor did it when we got to Bozeman; I don't know how far it was, just before we got to Bozeman, I asked him that question. After he said he would open it, he went through the car after that, when he came back he opened the door; the conductor opened it himself. He stepped back in behind me and I stepped out on the platform, or onto the steps and took hold of the bar and had a valise in my hand, and I stood there waiting for the train to stop and I would get off, and I was struck between the shoulders and that is all I know." If, then, the opening of the

door was a negligent act, it was one committed at the plaintiff's request and for his benefit, and he will not be heard to complain. *Volenti non fit injuria.*

The testimony given by plaintiff eliminated the opening of the door as actionable negligence, and left the case to go to the jury [2] upon the allegation that plaintiff was struck, pushed or forced from the car while the train was in motion. Upon the submission of the case, counsel for the railway company sought to have the court restrict the jury to a consideration of that one ground of negligence, by an offered instruction (D7), but the court refused the instruction as offered, modified it to such an extent as to submit to the jury the two charges of negligence contained in the complaint, and then, in instruction No. 12, told the jury that in order for plaintiff to recover it was only necessary for him to establish, by a preponderance of the evidence, either one of the acts of negligence alleged in the complaint; in other words, the trial court submitted the cause upon the theory that proof of negligence in opening the vestibule door, or proof of negligence in forcing plaintiff from the car, was sufficient to justify a recovery by the plaintiff. It is impossible to determine upon which of these two charges of negligence the jury founded its verdict; but as we have said above, the plaintiff cannot be heard to say that in complying with his request and opening the door, the agents of the railway company were negligent. It was error to refuse offered instruction D7 as presented; and in submitting both charges of negligence to the jury, the trial court adopted an erroneous theory of the case to the prejudice of the appellant.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.

Mr. Justice Holloway: In addition to what is said above as the conclusion of the court, I am of the opinion that the evidence is entirely insufficient to support either charge of negligence and

that the motion for nonsuit should have been granted. So far as disclosed by the record, no one saw the plaintiff pushed, crowded or forced from the car. He testified that he received a blow in the back which threw him from the car and caused his injury; but he did not see the blow struck and does not know who it was that administered the force. Even a railway company ought not to be mulcted in damages without proof of wrongdoing, merely because no one else can be found upon whom to fix liability. By a process of elimination, counsel for plaintiff seek to draw the inference that it must have been the brakeman who caused plaintiff's fall; but the circumstances from which the inference is sought to be drawn are so intangible that at best they produce nothing more than a bare scintilla of evidence, and that is not sufficient to support a judgment. (*Pierce* v. *Great Falls & C. Ry. Co.*, 22 Mont. 445, 56 Pac. 867.) In order to support a judgment there must be substantial evidence of every fact necessary to a recovery. Mere conjectures or speculations are not sufficient. (*Watson* v. *Colusa-Parrot M. & M. Co.*, 31 Mont. 513, 79 Pac. 14.)