STATE ex rel. SPINAZZA, Relator, *v.* DISTRICT COURT et al., Respondents.

(No. 6,452.)

(Submitted December 8, 1928. Decided January 2, 1929.)

[273 Pac. 638.]

*Mr. James T. Fitzgerald,* for Relator, submitted a brief and argued the cause orally.

*Mr. John K. Claxton,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is a proceeding upon a petition for the writ of supervisory control.

According to the allegations of the petition for the writ, the facts are as follows: September 13, 1926, in Silver Bow County, Montana, a marriage ceremony, purporting to unite in marriage John Spinazza, relator herein, and one Marie Rodich, was performed and from that time until shortly before a suit for divorce was instituted by her they lived together, as husband and wife, supposedly, in the City of Butte, in that county. October 9, 1928, in The District Court of Silver Bow County, Marie Spinazza, the supposed wife, upon the ground of cruelty, instituted a suit for divorce from John Spinazza, the defendant therein and relator herein. In her complaint, besides alleging her cause of action, she alleges, in effect, that the defendant has means and property and is well to do and is able to pay temporary alimony, attorney fee and suit money, for the benefit of the plaintiff, while she is without means, and she asks the court for allowances for those purposes. The defendant answered the complaint and, later and on November 7, 1928, by leave of court, he served and filed an amended answer, in which he admits the performance of a marriage ceremony, performed to unite in marriage the plaintiff and him, but denies the validity thereof and denies all of the allegations, made in the complaint, of cruelty, laid to him, and charges the plaintiff with desertion and abandonment of him and with habitual drunkenness.

514

In the same pleading appears what is therein termed a counterclaim but which we consider a cross-complaint (and we shall so term it), wherein the defendant sets forth a cause of action against the plaintiff for annulment of the marriage between them. In the cross-complaint, the defendant alleges that at the time of the marriage ceremony participated in by the plaintiff and him the plaintiff was the wife of one Steve Rodich, whom she, under the name of Marie or Mary Spendow, married, February 23, 1924, at Raton, New Mexico, and that they have not been divorced but that ever since that date the plaintiff has been and is still the lawful wife of Steve Rodich and that Steve Rodich, her husband, is living and resides at Gebo, Wyoming; that, May 9, 1924, in The District Court of Las Animas County, Colorado, Steve Rodich instituted a suit for divorce, upon the ground of cruelty, from his wife, Mary Rodich, named therein as defendant; that the said Mary Rodich was and is the same person as Marie Spinazza, the plaintiff in the suit for divorce from relator; that in that suit, in Colorado, personal service of summons was had upon the defendant therein; that that suit is still pending, undetermined, in the court in which it was instituted and that no judgment therein or decree of divorce has been rendered or docketed and that the marriage between Steve Rodich and Mary Rodich, now calling herself Marie Spinazza, is still in full force and effect; that, at and before the time of the marriage ceremony between the plaintiff and the defendant (relator herein), the plaintiff repeatedly told the defendant that she had been divorced from Steve Rodich and was eligible to marry, which statement was false and known by her to be false, and the defendant believed and relied upon such statement and acted upon it and that thereby the plaintiff by fraud procured her supposed marriage to the defendant; that it was after the filing of the defendant's original answer that he obtained proof of the fact that the plaintiff had not been divorced from Steve Rodich; that the defendant has not cohabited with the plaintiff since October 8,

1928, or since obtaining proof that she was the wife of Steve Rodich. Denial is made of the plaintiff's allegations that she is without means and that the defendant has means or property or is able to pay for her benefit temporary alimony, attorney fee and suit money. The prayer of the amended answer and cross-complaint is that the plaintiff take nothing and that the marriage of plaintiff and defendant be annulled. November 22, 1928, the plaintiff served and filed a motion, based upon several specified grounds, to strike from the files the amended answer. At the same time, the plaintiff served and filed a reply to the original answer. It denies the allegations of new matter in the original answer. Meantime, October 9, 1928, after the filing of the complaint in the divorce suit against relator and before the filing of the original answer therein, the district court, a respondent herein, issued a citation, requiring relator, the defendant therein, to appear, October 20, 1928, and show cause why he should not pay, for the benefit of the plaintiff, money for temporary alimony, attorney fee and court costs. The defendant appeared, as cited, and a hearing was had and the court made an order, requiring the defendant to pay the plaintiff $40 per month, as temporary alimony, for three consecutive months, to begin October 22, 1928; $10, as court costs, to be paid November 1, 1928; $100, as an attorney fee, $50 to be paid November 1, 1928, and $50, December 1, 1928; and declaring that the plaintiff might be awarded a further allowance for court costs, upon showing necessity therefor. At the time of the hearing, the defendant did not have evidence of the plaintiff's existing marriage with Steve Rodich and was unable to prove it. After the making of the order and before obtaining proof of such fact, the defendant, October 22, 1928, paid the first installment, $40, of the temporary alimony allowed. Thereafter, the defendant obtained proof of the fact that plaintiff was Steve Rodich's wife, the proof being a document, duly certified by the judge and the clerk of The District Court of Las Animas County, in the State of

Colorado, and consisting of a copy of the complaint in a suit for divorce, pending in that court and filed May 9, 1924, entitled Steve Rodich, Plaintiff, *vs.* Mary Rodich, Defendant, in which it is alleged that those parties, husband and wife, intermarried at Raton, New Mexico, February 23, 1924; copy of the summons; copy of court order, showing that the suit was retired, March 2, 1926, from the docket, with leave for it to be reinstated; certificate of the clerk of the court that he had carefully inspected and searched all of the papers, files and records of said cause and that no other order, judgment or decree of the court or judge thereof, in said cause, was ever given, made or signed and that no judgment or decree of divorce therein was ever given, made, filed, entered or docketed and that the cause had not been reinstated. The clerk certifies, under the court seal, to the correctness of the copies of the papers embraced in the document. The judge certifies, under the court seal, that the person certifying as clerk is the clerk and that his certificate is in due form, according to the laws of Colorado, and that the court is a court of record, having a clerk and seal. Thereafter and on October 31, 1928, and before the time for further compliance with the order of the court, the defendant served and filed a motion that the court order for payment of temporary alimony, attorney fee and court costs be vacated and set aside, upon the grounds that at the time of the hearing on which the order was based the plaintiff was not and never had been the wife of the defendant but was the wife of one Steve Rodich and that the order was procured by fraud and perjured testimony. The motion stated that it was based on and would be heard upon the papers, files and records of the cause and the amended answer and cross-complaint of the defendant and other documentary evidence to be produced. November 5, 1928, the defendant having made no further payment, under the order of the court, he was cited by the court to appear in court, November 10, 1928, to show cause why he should not be adjudged in contempt of court by rea-

son of not having made any further payment, as required, and punished therefor. The motion of the defendant to vacate the order of the court was set for hearing for the same time, November 10, 1928. At a later date, November 22, 1928, both matters came on for hearing and were heard together. They were heard on record and documentary evidence and oral testimony. The amended answer and cross-complaint of the defendant was offered and received in evidence; also, the certified court document concerning the divorce suit, in Colorado, of Steve Rodich against Mary Rodich. The plaintiff testified. She admitted that she was the same person named as defendant, by the name of Mary Rodich, in the Colorado suit of Steve Rodich against Mary Rodich, and that Steve Rodich was still living and that she had not at any time seen or received a decree of divorce in that suit or a copy of one or any other evidence of a divorce therein. As a result of the double hearing, the court dismissed the contempt proceeding, with leave to renew it after December 1, 1928, and denied the defendant's motion to vacate the order for payment of money for temporary alimony, attorney fee and court costs, leaving it in full force and effect.

The petition then alleges that relator has no money, property or means with which to comply with the court order and cannot borrow or procure money therefor and is unable to comply therewith; that the plaintiff in the divorce suit against relator threatens, under the leave granted by the court, to renew the contempt proceeding and, unless the court order for payment of money for temporary alimony and other purposes be annulled, she will renew it and thereby will harass, vex and annoy relator, to his damage and irreparable injury, and will unjustly cause him to be imprisoned in jail; that relator is not and never was the husband of the plaintiff and is under no lawful obligation to pay her anything; that her husband is Steve Rodich, now living, and she is his wife; that the district court and the judge thereof, respondents herein, in refusing to vacate

the order complained of, erred and decided against and ignored the law and the evidence and flagrantly abused their discretion, to the prejudice and irreparable damage and injury of relator; that relator has no plain, speedy and adequate remedy in the premises other than that invoked. The petition closes with prayer for issuance of the writ of supervisory control, directed to respondents, and that upon a hearing the order of the district court complained of, for payment of money, be annulled, set aside and held for naught and that, meantime, all proceedings be stayed. To the petition there are attached, as parts thereof and exhibits copies of all pleadings, motions and orders therein referred to and a copy of the certified court document in relation to the alleged divorce suit, in Colorado, of Steve Rodich against Mary Rodich.

The petition, verified, was filed and presented November 27, 1928. Thereupon, this court issued and caused to be served an alternative writ of supervisory control, directed to the district court and the judge thereof, respondents, requiring them to appear in this court at a certain time and then and there to show cause, if any, why a writ of supervisory control should not issue, commanding them to set aside and annul the order complained of. Further proceedings below, meantime, were stayed.

At the appointed time, the judge of the district court, a respondent, appeared by counsel and filed an answer and return. At the same time, his counsel filed a motion to quash and dismiss the petition and all proceedings thereunder. It is based on several stated grounds.

The answer and return, verified, admits the filing of the complaint in the divorce suit instituted by Marie Spinazza against relator and alleges the filing, October 18, 1928, of an answer thereto, the original; alleges that the amended answer was filed November 7, 1928; says that in the original answer the marriage of the plaintiff and the defendant alleged by plaintiff, was admitted and that, at the time of the

hearing, October 18 and 19, 1928, on the order to show cause why money should not be paid plaintiff for temporary alimony and the like, no issue was raised as to the validity of the marriage, save that in oral testimony given the validity thereof was questioned; recites the filing, by leave, of the amended answer and cross-complaint, the motion to vacate order for payment of money and the contempt charge and the hearing, November 22, 1928, of the motion and the contempt charge and the rulings thereon, as alleged in relator's petition; admits that at each of those hearings (that of October 18 and 19 and that of November 22) oral testimony was heard and considered; says no documentary evidence was produced at the first of those hearings, or any competent evidence, tending to prove that plaintiff was not able to contract a lawful marriage with defendant and it was not until the second hearing that documentary evidence was produced; that at both of the hearings the plaintiff testified that a divorce from Steve Rodich had been granted her and the evidence was considered by the court and found to be sufficient to constitute a *prima facie* showing sufficient for the court to make an award to the plaintiff of money for temporary alimony, attorney fee and court costs. The answer and return then makes allusion to some admission of relator, in testifying, to the fact that Steve Rodich appeared in Butte in July, 1928, and claimed to relator that plaintiff was his wife and had never been divorced from him and then left Butte and that thereafter plaintiff and defendant continued to live together, as husband and wife, until October 8, 1928, and that during all of that period the defendant made no investigation as to the truth or falsity of Steve Rodich's claim until after the first hearing on application for temporary alimony and the like. It refers to the motion to strike the amended answer and cross-complaint and the filing of a reply to the original answer. It alleges that, November 24, 1928, at the request of the defendant, the cause was set for trial for December 26, 1928, and the setting remains un-

changed. It denies that relator has no plain, speedy or adequate remedy at law and says the order complained of is an appealable order and relator was granted thirty days, in addition to the time allowed by statute, in which to serve and file a bill of exceptions but that none has been presented for settlement or filed. It prays that the proceedings be dismissed. Attached to the answer and return, as parts thereof, are copies of the original answer of relator, the reply thereto and the motion to strike his amended answer and cross-complaint.

It does not appear that anything has been done about the motion to strike the amended answer and cross-complaint, filed by leave of court, which pleading appears, to this day, to remain a file of the cause and to be undenied by a reply.

At the time of the appearance by counsel of the respondent ■ judge, the same counsel filed an answer and return, so-called, of Marie Spinazza, the plaintiff in the divorce suit against relator. By what authority that was done we do not know. The writ of supervisory control is for the control of inferior courts, not litigants or private individuals. (Sec. 2, Art. VIII, Constitution of Montana; *In re Weston,* 28 Mont. 207, 72 Pac. 512; *State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 147 Pac. 612.) The so-called answer and return of Marie Spinazza has no place in this proceeding.

In passing, we suggest that the only return recognized by law, made to the alternative writ is that made by the honorable judge of the district court, a respondent, and that none has been made by the court, a respondent, to which the writ was directed, as well as to the judge thereof. The district court appears to be in default but we shall consider the matter on the merits, as disclosed by the return of the judge.

The motion of the respondent judge to quash and dismiss relator's petition and all proceedings thereunder and his answer and return to the petition were taken up, at the appointed time, and heard together.

One of the grounds offered by counsel for the appearing respondent for his motion to quash and dismiss the petition and the proceedings thereunder is the statement that relator has a plain, speedy and adequate remedy at law by appeal and in his brief counsel strongly urges that contention. As that is basic, we consider it first. It is disposed of easily.

While the order complained of, for the payment of temporary alimony, attorney fee and suit money, is appealable (*Bordeaux* v. *Bordeaux*, 29 Mont. 478, 75 Pac. 359; Id., 32 Mont. 159, 80 Pac. 6; *State ex rel. Wooten* v. *District Court*, 57 Mont. 517, 9 A. L. R. 1212, 189 Pac. 233), it is the settled law of this state that appeal therefrom is not an adequate remedy. It was so decided in *State ex rel. Wooten* v. *District Court*, supra. It is obvious why this is so. Had relator herein appealed from the order complained of, the district court could have made an order for payment of attorney fee and appeal costs upon that appeal. Relator then could have appealed from that order and another order could have been made for payment of attorney fee and appeal costs upon that appeal and so on *ad infinitum*. It might be made an endless chain and relator never would be heard in this court. That disposes of that contention.

It is the settled law of this jurisdiction that the writ of supervisory control will issue only when a ruling, order or decision of an inferior court, within its jurisdiction, (1) is erroneous; (2) is arbitrary or tyrannical; (3) does gross injustice to the petitioner; (4) may result in irreparable injury to the petitioner; (5) and there is no plain, speedy and adequate remedy other than by issuance of the writ. (*State ex rel. Morse* v. *District Court*, 29 Mont. 230, 74 Pac. 412; *State ex rel. Clark* v. *District Court*, 30 Mont. 442, 76 Pac. 1005; *State ex rel. Carroll* v. *District Court*, supra; *State ex rel. Bonner's Ferry Lumber Co.* v. *District Court*, 69 Mont. 436, 222 Pac. 1050; *State ex rel. Larsen* v. *District Court*, 78 Mont. 435, 254 Pac. 414.) Let us see if the case of re-

lator comes within those requirements. Clearly, the order of the district court was within jurisdiction.

Is the district court in error? The court may have been justified, at the time thereof, in making its order for the payment of money for temporary alimony, attorney fee and court costs; we presume it was, as the evidence at that time had is not before us; but it is plain to us that, when the district court, upon the hearing upon the motion to vacate that order, refused to vacate it, the court was in error. At that hearing, there was offered and received in evidence a duly certified document containing copies of all of the papers and files in a suit pending in a court of record in a sister state, Colorado, and certifying that no other papers in the suit were on file or in existence. It showed that there was pending in that court a suit for divorce by one Steve Rodich against one Mary Rodich, husband and wife, and that no judgment therein had been rendered and that no decree of divorce had been granted. The plaintiff in the divorce suit against relator admitted under oath, as shown herein and not denied, that she was the same person as Mary Rodich, the defendant in the Colorado suit, and that she had not seen or received a copy of a decree of divorce granted in that suit and had no evidence of such a decree. Article IV, section 1, of the Constitution of the United States says "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." A judicial record of a sister state may be proven by a copy thereof, with the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge that the attestation is in due form. (Sec. 10555, Rev. Codes, 1921.) That was done in regard to the divorce suit in the Colorado court. The certified or attested document appears to be regular and to conform to law and to be admissible in evidence. At any rate, it was admitted in evidence and was before the court. It was entitled to full faith and credit. Indisputably, unless

impeached, it proves that the plaintiff in the divorce suit against relator is the wife of Steve Rodich and was at the time she assumed to marry relator. True, the answer and return of the respondent judge says she testified that she had been divorced from Steve Rodich but it is elementary that a judicial record cannot be impeached in that way. If there was any competent evidence at the hearing at which that record was produced to impeach or overcome it or prove to the contrary, it was the duty of the respondent judge to produce the record of it in or with his return. He did not do anything of that kind. It is presumed he produced all the evidence he was able to produce. He decided against plain, documentary evidence, not controverted by any competent evidence; hence, contrary to the evidence.

The case of *Finkelstein* v. *Finkelstein,* 14 Mont. 1, 34 Pac. 1090, declares plainly the duty of a court upon an application for alimony *pendente lite,* suit money and attorney fee, in a case in which the alleged marriage is disputed. The opinion says: ''One of the essential facts to plaintiff's cause of action is that she is the wife of defendant. If that fact is not present, plaintiff has no case. * * * The question is whether there is a sufficient *prima facie* showing of the alleged fact of marriage. * * * It may be true that, if, on a motion for alimony *pendente lite* the defendant shows facts and conditions which absolutely establish that there is no marriage, it would not be proper to grant such alimony.'' In that case the court had before it only an allegation by the plaintiff of marriage, which the defendant denied. It is not so here. Relator presents the strongest possible proof, documentary proof, a judicial record, showing there was and is no marriage, because the plaintiff was and is the wife of another man and could not have married relator. She meets that with a simple oral denial. The *prima facie* showing is with relator; more than a *prima facie* showing, convincing evidence. In the case last cited, the opinion says that a *prima facie* case by the plaintiff must be ''thoroughly de-

feated and the defense fully established by the husband, before he will be relieved.'' If it clearly appears that there was no marriage and that the wife cannot prevail in the action, the court will refuse to grant the application. The right to alimony depends on a valid and subsisting marriage, since without this there is no obligation for the support of the alleged wife and before it can be claimed or allowed the marriage must be proved or admitted or, if contested, there must appear to be a fair probability that it will be established. Where the husband denies in his answer that a valid marriage ever existed, the court still has jurisdiction to allow temporary alimony but it will not be allowed until some evidence of a valid marriage be shown. (19 C. J. 213.) It is clear that Marie Spinazza, as she calls herself, did not bring herself within these requirements; quite to the contrary. The way the matter stands, it is overwhelmingly and convincingly shown that she is not and never was the wife of relator. There can be no doubt of error in the ruling, under consideration, of the respondent judge.

Is the ruling arbitrary or tyrannical? As the record, standing as it does, shows that the plaintiff is not the wife of relator but is the wife of another man, we say the ruling is both arbitrary and tyrannical.

Not only that, it does relator a gross injustice, the way the record stands.

Furthermore, if the order of the court should be enforced, it would be liable to work irreparable injury to relator. According to plaintiff's verified complaint, she has no means and, if relator should be compelled to pay the plaintiff the sums of money directed to be paid and then should prove at the trial of the case that the plaintiff had never been his wife and thereby should prevail, it is not likely he could obtain any reparation. It is almost certain his injury would be irreparable.

As to a plain, speedy and adequate remedy available to relator, other than by the course pursued, the only other

remedy suggested is that of appeal and, while it may be plain and speedy, we have shown it is held not adequate in this state.

It is plain to us that relator has made out a case which entitles him to the relief sought. In the answer and return of the honorable judge who is a respondent, we see nothing to constitute a defense to the showing which relator has made. In our opinion, it sets up nothing to justify the judge or the court in refusing to vacate the order involved. The assertion in the answer and return that relator was allowed thirty days, in addition to the time allowed by statute, in which to prepare and serve a bill of exceptions, upon the ruling of the trial court, with a view to appealing, is not a bar to this proceeding. Relator might have considered appealing or have intended to appeal but he had a right to change his mind and seek a more appropriate remedy. Neither is the fact that he paid $40 of the allowance for alimony a' bar to this proceeding. The showing is that he paid that sum before obtaining proof that the plaintiff was not his wife.

We do not intend to prejudice the divorce suit herein involved nor do we wish the trial court to do so. This opinion does not decide that case on its merits and is not to be taken as so doing. The merits of the case should be and can be determined upon the trial of the case. This opinion decides only that the plaintiff is not entitled, as the record now stands, to temporary alimony, attorney fee or suit money. It may be that, upon the trial of the case, the plaintiff may be able, in some way, to impeach the judicial record of the Colorado case which figures herein. She has not done it yet but that course is open to her or to attempt it. It seems to be admitted on all hands that she confesses she is the same woman as the defendant in the Colorado case.

It may be asked how she will be able to go to trial, without alimony, attorney fee or suit money allowance. If she may

526

be able, in any way, to overcome the strong showing against her, as it now stands, there is nothing to prevent her, upon a showing of newly discovered evidence, from obtaining another hearing upon renewed application for temporary alimony and the like and producing further evidence for the consideration of the trial court.

As the matter now stands, however, in our opinion, she is not entitled to the allowances awarded her by the trial court. For the reasons herein given, the motion of respondent to quash and dismiss is denied and it is ordered that the order of the respondent district court complained of, ordering paid to the plaintiff, Marie Spinazza, in her suit against relator for divorce, entitled Marie Spinazza, Plaintiff, *vs.* John Spinazza, Defendant, being cause No. 31,093, in The District Court of the Second Judicial District of Montana, be and is annulled and a peremptory writ of supervisory control, directed to that court and the respondent judge thereof, so declaring, will issue.

*Writ ordered issued.*

Mr. Chief Justice Callaway and Associate Justices Matthews and Galen concur.

Rehearing denied January 10, 1929.