STATE ex rel. GOLD CREEK MINING CO., Relator, *v.*
DISTRICT COURT et al., Respondents.

(No. 7,406.)

(Submitted January 26, 1935.   Decided February 5, 1935.)

[43 Pac. (2d) 249.]

34

*Mr. William Meyer* and *Mr. S. P. Wilson,* for Relator, submitted a brief; *Mr. Wilson* argued the cause orally.

*Mr. H. L. Maury* and *Mr. A. G. Shone,* for Respondents, submitted a brief; *Mr. Maury* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an application for a writ of supervisory control to direct the district court of Silver Bow county to permit relator to file an amended answer in a case therein pending. The action is one in which plaintiff, one Daisy B. Kroehnke, seeks to recover from the defendant Gold Creek Mining Company, relator herein, the sum of $25,037.22 for services alleged to have been rendered, and moneys expended by plaintiff on behalf of defendant. The action was commenced in the respondent court on June 7, 1934. Thereafter, in August or September, the defendant answered the complaint. In its answer defendant company denied generally the allegations of the complaint, and also pleaded two affirmative defenses. Reply was filed to the affirmative matter contained in the answer.

Thereafter, in December, the cause was set for trial before a jury for January 24, 1935. On January 4, defendant gave notice to plaintiff of its desire to file an amended answer, and at the same time served a copy of the proposed amended

answer upon plaintiff's counsel. The proposed answer was identical with the original answer, except that it contained, in addition to the matter previously alleged, a counterclaim for affirmative relief in the nature of an alleged indebtedness of plaintiff to defendant in the amount of $87,551.75. It is alleged that this indebtedness grew out of various dealings between defendant and the Mining Securities Company, in which transactions plaintiff acted as agent of the latter company between September, 1929, and December, 1931. On January 7, 1935, defendant requested in writing that the respondent court, and the Honorable T. E. Downey, acting judge thereof, grant leave to file the amended answer. The application was supported by the affidavit of S. P. Wilson, attorney for defendant. Plaintiff filed written objections and the matter was argued to the court by counsel for both sides. At the conclusion of the hearing, the matter was submitted and taken under advisement by Judge Downey.

In the affidavit of Mr. Wilson it is recited that he is the counsel for defendant; that at the time when he prepared the original answer he "was not advised and did not know of the existence of the counterclaim against plaintiff set out in the proposed amended answer until about January 1, 1935"; and that none of the officers of defendant company seemed to know or be aware of the existence of such proposed counterclaim.

The written objections filed by plaintiff in opposition to the amendment were that the proposed counterclaim was barred by the statute of limitations; that it did not state facts sufficient to constitute a cross-complaint or counterclaim; that it was not the proper subject of counterclaim; that it was frivolous and sham; and that defendant was guilty of laches in its application to file the amended answer.

On January 15, 1935, defendant filed the statutory affidavit of prejudice disqualifying Judge Downey. At that time no decision or ruling had been made upon defendant's motion for leave to file the amended answer. Thereafter, on January 19, Judge Downey made and entered a ruling sustaining plain-

tiff's objections and denying defendant's request for permission to file the amended answer containing the counterclaim. Defendant then presented its application to this court for a writ of supervisory control to compel the district court to grant the motion to file the amended answer. The application rests upon two grounds: (1) That after Judge Downey was disqualified on January 15, he no longer had any power or authority to pass upon the application for leave to file the amended answer, and that his decision of that matter made on January 19 was therefore void and of no effect. (2) Assuming that Judge Downey did have the authority to act in the matter, still, in view of the circumstances disclosed at the hearing and by the affidavit of Wilson, it is apparent that he abused the discretion vested in him by refusing permission to file the amended answer.

We find no merit in the contention advanced by defendant ▇▇ concerning the jurisdiction of Judge Downey to decide upon the application for filing an amended answer. In the case of *State ex rel. Grice* v. *District Court,* 37 Mont. 590, 97 Pac. 1032, this court held that where a disqualifying affidavit was filed after a motion to strike portions of a pleading had been submitted and taken under advisement, the jurisdiction of the court over the cause ceased after ruling on the motion. The rule thus laid down in the *Grice Case* has not been changed or qualified by this court since that time. We think Judge Downey had jurisdiction to pass upon the motion by reason of the fact that it was presented to and taken under advisement by him prior to the date of his disqualification. (Compare *Brindjonc* v. *Brindjonc,* 96 Mont. 481, 31 Pac. (2d) 725.)

A more serious difficulty is presented by the question whether ▇▇ the court's refusal to permit the filing of the amended answer was an abuse of discretion. Under section 9187, Revised Codes of 1921, the matter of permitting amendments of pleadings lies within the sound discretion of the trial court; the rule being to allow, and the exception to deny, them. (*Fowlis* v. *Heinecke,* 87 Mont. 117, 287 Pac. 169; *Cullen* v. *Western M. & W. Title Co.,* 47 Mont. 513, 134 Pac. 302;

*Flaherty* v. *Butte Electric Ry. Co.,* 43 Mont. 141, 115 Pac. 40.) The allowance of amendments to pleadings after issue joined is a matter within the sound legal discretion of the court. (*St. George* v. *Boucher,* 84 Mont. 158, 274 Pac. 489, 491; *Barrett* v. *Shipley,* 63 Mont. 152, 206 Pac. 430.) "But the refusal to permit an amendment which is proposed at an opportune time and should be made in furtherance of justice is an abuse of discretion on the part of the trial court." (1 Bancroft's Code Pleading, p. 744, sec. 514; *Norton* v. *Bassett,* 158 Cal. 425, 111 Pac. 253; *Senate S. M. Co.* v. *Hackberry Con. Min. Co.,* 24 Ariz. 481, 211 Pac. 564.) The last-cited case is similar in many respects to this one. It was an action in the superior court wherein an application was made to file an amended answer so as to include a counterclaim not pleaded in the original answer. The superior court refused to allow the amendment. The supreme court of Arizona reversed the ruling, and held that the superior court in refusing to allow the amendment had abused its discretion.

Plaintiff cites and relies upon the case of *St. George* v. *Boucher,* supra, in support of her argument that the allowance or refusal to grant permission to make the amendment is a matter entirely within the discretion of the trial court. However, in that case the application to amend was not made until the day of the trial. In the present case the application for leave to amend came more than two weeks before the day of trial. In the *Boucher Case,* there was no showing of any reason why the matter sought to be included in the amendment could not have been included in the original pleading. The court there said: "He [defendant] knew all the facts concerning it when the original answer was filed, and no reason appears why he should have delayed until after the cause had been set for trial, and until the very day of the trial, before moving to amend."

It may fairly be inferred from the above language that if there had been a satisfactory showing made as to why the counterclaim was not included in the original answer, and if instead of waiting until the day set for trial a prompt and

38

timely application had been made therefor, then the court should have allowed the amendment. Such was the situation in the instant case. A reasonable showing was made to explain the failure to include the counterclaim in the original answer. The application to amend was made promptly after the existence of the counterclaim became known. We think that, under such circumstances, the trial court abused its discretion in refusing to allow the amendment. (See 1 Bancroft's Code Pleading, 744; *Senate S. M. Co.* v. *Hackberry Con. Min. Co.,* supra.)

We find nothing in the objections interposed by plaintiff which would justify a refusal to allow the amendment in question. There is no merit in the assertion that the proposed counterclaim does not state facts sufficient to constitute a counterclaim or cross-complaint, or that it is frivolous and ▮ sham. The objection that it is barred by the statute of limitations is not properly available here as a ground for denying the motion; that is a matter of affirmative defense and, as such, must be specially pleaded. (*King* v. *Mayor of City of Butte,* 71 Mont. 309, 230 Pac. 62. See, also, *Reed* v. *Richardson,* 94 Mont. 34, 20 Pac. (2d) 1054.) We also fail ▮ to see wherein defendant was guilty of laches in its application to file the amended answer. Defendant's counsel showed by affidavit that neither he nor his client's officers knew of the existence of this counterclaim until about January 1, 1935. Thereafter he proceeded promptly with his request to amend. He gave notice of his intention to seek permission to file an amended answer, on January 4. At that time more than two weeks still remained before the day set for the trial. Without any apparent reason, and without a suggestion that plaintiff would be in any different position than she would have been, had this counterclaim been included in the original answer, the court refused to grant the motion to amend. Under the authorities heretofore cited, we hold this to be an abuse of discretion.

It has been suggested that the writ of supervisory control does ▮ not lie in this case because defendant has a remedy by

appeal from the ruling in question. We may assume, without deciding, that defendant did have a right of appeal from that ruling; still this writ may properly run where it is obvious that whatever right of appeal there may be is not adequate under the circumstances. It would not afford the relief to which defendant is entitled. (*State ex rel. Spinazza* v. *District Court*, 83 Mont. 511, 273 Pac. 638.) If the remedy by appeal is inadequate, then the writ will issue. (*State ex rel. State Bank of Townsend* v. *District Court*, 94 Mont. 551, 25 Pac. (2d) 396; *State ex rel. Odenwald* v. *District Court*, 98 Mont. 1, 38 Pac. (2d) 269; *State ex rel. Lewis and Clark County* v. *District Court*, 90 Mont. 213, 300 Pac. 544.)

It is ordered that the writ of supervisory control shall issue, directing Judge Downey to grant defendant's motion to file an amended answer.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS and ANDERSON concur.

MR. JUSTICE MORRIS, being absent on account of illness, takes no part in the foregoing decision.