STATE EX REL. CHICAGO, MILWAUKEE, ST. P. & PAC. RAILROAD CO., RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,751.)

(Submitted October 29, 1937. Decided November 6, 1937.)

[73 Pac. (2d) 204.]

*Messrs. Murphy & Whitlock* and *Mr. Edmund T. Fritz,* for Relator, submitted a brief; *Mr. Fritz* argued the cause orally.

*Mr. George W. Howard* and *Mr. Rex F. Henningsen,* for Respondents, submitted a brief; *Mr. Howard* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an application for a writ of supervisory control to direct the district court of Madison county to permit the filing of an amended answer in a case therein pending.

The action is one in which plaintiff seeks to recover damages from the Chicago, Milwaukee, St. Paul & Pacific Railroad Company, relator herein, for alleged personal injuries and medical care in the treatment of the injuries. It was commenced in

the respondent court on July 2, 1936. Thereafter, on October 9, 1936, defendant answered the complaint. In its answer it denied generally the allegations of the complaint regarding the alleged injuries, admitted that it owned and operated the train and railroad equipment involved in plaintiff's injuries, and affirmatively alleged that on June 29, 1935, defendant filed a petition in bankruptcy in a United States District Court of Illinois, and that by order of that court the defendant "was and now is authorized and empowered among other things, to defend any claim, demand or cause of action, whether or not suit or other proceedings to enforce the same had been brought in any court or tribunal." Reply was filed denying that the bankruptcy proceedings had any effect on plaintiff's complaint or proceedings for reducing the same to judgment. Thereafter, on August 20, 1937, the cause was set for trial before a jury for October 25, 1937. On September 8, 1937, defendant gave notice of its desire to file an amended answer, and at the same time served a copy of the proposed amended answer upon plaintiff's counsel.

The proposed answer differs from the original answer in that the original admitted that defendant owned and operated the train, railroad equipment, and properties involved in plaintiff's alleged injuries, whereas the proposed amended answer denies those facts and affirmatively alleges that, by virtue of the proceedings in bankruptcy and the appointment and qualification of trustees in bankruptcy and the orders of the bankruptcy court, the. trustees were the sole owners and operators of the railroad at the time of the alleged injuries, and that the railroad company was not at any of the times mentioned in plaintiff's complaint the owner or operator of the railroad or any of the properties mentioned, nor in any manner in possession, control, or authority over the same, or any part thereof. On October 7, 1937, defendant requested in writing that the respondent court grant leave to file the amended answer. The application was supported by the affidavit of H. Pauly, one of the attorneys for defendant. On October 18 thereafter plaintiff

filed written objections, and the matter was on that day submitted to the court.

In the affidavit of Mr. Pauly it is recited that he is a member of the firm of Murphy & Whitlock, who are local attorneys in Montana for the defendant; that at the time he prepared the original answer he had not been informed of all the proceedings had in the bankruptcy matter, and had received no advice or information relative to the proper parties defendant to such an action in the light of the bankruptcy proceedings, and accordingly he prepared the original answer on the merits for the railroad company which he then assumed and believed in good faith to be the proper procedure. That during the week preceding the making of the affidavit he was advised for the first time that it was the determination of the bankruptcy court, and the trustees in bankruptcy, that causes of action arising out of railroad operations subsequent to the first day of January, 1936, must be brought against the trustees, and that they must be named as the parties defendant in such actions, and that the railroad company itself was not in control or authority over the operations of the railroad, and was not responsible for any negligent acts or conduct in the course of such operations. That he was further advised, believed, and therefore stated, that an action against the railroad company would not now be recognized by the trustees in bankruptcy or the bankruptcy court as a judgment entitled to payment from the current operating funds of the trustees.

The written objections were that the application for leave to file the proposed amended answer was not timely, in that it was served and filed after issue joined and after the case was set for trial; that it was frivolous, sham, and unmeritorious; that it was contradictory, in that the original answer admitted that the defendant operated the railroad, while the proposed answer denied the operation; and that the proposed amended answer attempted to raise the question of necessary parties which should have been raised on demurrer and which was waived by the filing of the original answer.

On the day of the filing of the objections the matter was submitted to the court, and a ruling was made and entered thereon sustaining plaintiff's objections and denying defendant's application. Defendant then presented its application to this court for a writ of supervisory control to compel the district court to grant the application for leave to file the amended answer. The application for the writ rests upon the ground that the trial court abused the discretion vested in it by refusing permission to file the amended answer.

The application for writ of supervisory control is based upon the authority of *State ex rel. Gold Creek Min. Co.* v. *District Court,* 99 Mont. 33, 43 Pac. (2d) 249. We think that the facts and circumstances of this case do actually bring the matter squarely within the rules therein announced. The opinion in that case decided every important contention of respondents here. What was there said with relation to the right to file an amended answer after the case was set for trial, and with relation to the right of appeal, need not be repeated here.

The contention that the amended answer erroneously attempts to raise a question of necessary parties after it had been waived by failing to demur is not persuasive. Our Practice Act in such particulars, as construed by this court, was designed to bring in all necessary parties. We do not assume to say that the railroad company and the trustees are all necessary parties, but if it develops that they are such, there is ample authority for including them. (See section 9090, Rev. Codes; *McKenzie* v. *Evans,* 96 Mont. 1, 29 Pac. (2d) 657; *State ex rel. Valley Center Drain Dist.* v. *Board of County Commrs.,* 100 Mont. 581, 590, 51 Pac. (2d) 634.)

The important fact, however, is that the railroad company did inadvertently, as is sufficiently shown, admit the operation of the offending agency on the day of the alleged injuries. This was an important fact issue. It had a right to rectify its position within reasonable time, regardless of the effect upon third parties.

Argument as to the difficulty of proceeding against the trustees is without force. The railroad company should

not be held to its inadvertent admission simply because it may be difficult to proceed against the proper parties, "merely because no one else can be found upon whom to fix liability." (*Tudor* v. *Northern Pac. Ry. Co.*, 45 Mont. 456, 462, 124 Pac. 276, 277.)

We are of the opinion that this matter must be decided upon the authority of *State ex rel. Gold Creek Min. Co.* v. *District Court,* supra. It is ordered that the writ of supervisory control shall issue, directing the district court to grant defendant's motion to file an amended answer.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES ANDERSON and ANGSTMAN concur.