HAROLD CASTLE, Plaintiff and Appellant, v. WALTER
THISTED, Defendant and Respondent.
No. 10159.
Submitted April 12, 1961. Decided July 20, 1961.
363 P.2d 724.

Leo J. Kottas, Helena, argued orally, for appellant.
Orin R. Cure, Great Falls, argued orally, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment of nonsuit entered in the district court of Powell County, Montana.

The amended complaint recites four causes of action; two for personal injury and two for property damage.

The basic allegations of the complaint, germane to this cause, are as follows:

(1) That on or about September 1, 1952, respondent was the owner of an automobile that was used by him for the transportation of himself, his wife and daughter to and from Great Falls and the respondent's cabin near Helmville, in Powell County, Montana;

(2) Appellant further alleges that on this date, the respondent permitted his daughter to drive the car as an agent of the respondent and while acting within the scope of the alleged agency, committed the acts of negligence set out in the complaint;

(3) The alleged negligent acts of the agent daughter of respondent are found in the first and third causes of action in the complaint;

(4) The second and fourth causes of action allege that the daughter was incapable of driving a car, had no driver's license, devoid of driving experience to a degree that in permitting her to drive, injury and damages were likely to result to other persons by reason of this dangerous instrumentality.

Following a trial before a jury which heard appellant's testimony, witnesses, and proof, upon motion of the respondent, a nonsuit was granted by the court.

Appellant assigns error:

(1) That the trial court erred in granting a nonsuit on appellant's first and third causes of action; and

(2) That the trial court erred in granting a nonsuit on appellant's second and fourth causes of action.

The able trial judge commented when granting the motion

330

for nonsuit: "I think I understand the theories under which this case is brought, and under which all four causes of action are alleged, and I am also of the opinion that there is insufficient evidence here to support the allegations of agency, and I am also of the opinion that there is insufficient evidence to make a cause of action on the grounds that Miss Thisted did not have a driver's license. The motion [nonsuit] will be granted."

From the record it appears that the plaintiff Castle was hauling lumber between Seeley Lake and Helena and that Rodgers Pass was closed and he was therefore using the route through Helmville and Ovando.

On September 1, 1952, appellant testified he was traveling in a southerly direction approximately three and one-half miles from Helmville and enroute to Helena. That an automobile attempted to pass him and turned in too sharply and to avoid a possible accident the truck of the appellant turned abruptly which caused him to go into the borrow pit and turn over. Appellant identified the car as a 1950 Dodge Coronet of a tannish color. Appellant in response to the question asked by counsel as to what the mother and minor daughter said answered as follows:

"Well, when I got out of the truck and come up there, the daughter, Miss Thisted, she says 'Oh, mother, look what I have done—I have run them off the road', and her mother told her to shut up and keep quiet. So when I come up and got up to her right face to face, then I asked her, I says 'Do you own that car?' And she says 'Yes, we do,' and then I asked Carl if he was hurt."

Appellant further testified as follows:

"I asked Mrs. Thisted at the time if she was going to take care of my truck, and she said that her husband would take care of it."

Mr. Carl F. Jaronitsky, who was called as a witness, was riding in the truck with appellant at the time of the accident.

His testimony corroborates that of the appellant's relating to the conversation with Mrs. Thisted and the daughter. This witness further stated that the daughter of the respondent was driving the car at the time of the accident.

In the 222 pages of transcript there is proof of many things, but unfortunately for appellant, the most important thing not proved is the ownership or the identity of the car involved in the accident as belonging to Walter Thisted. Although respondent and his wife were present in court, appellant failed to call either under the adverse witness rule. After a perfunctory effort to call the daughter that was likewise abandoned by appellant.

It is true that section 31-131, subds. (a) and (b), R.C.M. 1947, provide that:

"(a)  The application of any person under the age of eighteen (18) years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by both the father and mother of the applicant, if both are living and have custody of him, or in the event neither parent is living then by the person or guardian having such custody or by an employer of such minor, or in the event there is no guardian or employer then by other responsible person who is willing to assume the obligation imposed under this act upon a person signing the application of a minor.

"(b)  Any negligence or willful misconduct of a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway shall be imputed to a person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct (except as otherwise provided in sub-paragraph (c) of this section)."

The above provisions would make a prima facie case for

332

appellant, but the record is silent as to the following of these two above-cited sections.

In the case of Clawson v. Schroeder, 63 Mont. 488, 494, 208 P. 924, 926, Mr. Justice Galen, in June of 1922, quoting from Babbitt, The Law Applied to Motor Vehicles by Blakemore, and speaking for the court, stated:

" 'The essence of the doctrine of *respondeat superior* is that of agency. The relation of parent and child, or husband and wife, or other family connection, unaccompanied by the contractual relation of employer and employee, is not sufficient to create responsibility on the part of the one for the act or omission of the other.' "

This destroys the contention of family purpose doctrine wherein this court declined to accept such legal principle. This principle of law has not been changed.

Appellant endeavored in his amended complaint to create an agency by stating that the "defendant on September 1, 1952, permitted, authorized and allowed his daughter, whose true name is to plaintiff unknown, to take, drive and operate" defendant's automobile.

The record is absolutely silent as to any proof upon this question of agency. It would appear from the testimony of an employee of the office of the Registrar of Motor Vehicles, that a certificate of title for a 1950 Dodge Coronet sedan, beige in color, was dated August 21, 1950, and an attempt was made by appellant to show that respondent owned this car as of September 1, 1952, however, the trial court struck this testimony from the record for the reason that it was not connected up with the respondent.

The rule of law applicable here is that the plaintiff or appellant must make out a prima facie case showing that the injury complained of is more naturally attributed to the negligence alleged than to any other cause which the evidence might tend to establish, and no case should ever be withdrawn from the jury, which by statute is declared to be the sole judge of

the fact unless the evidence is susceptible of but one construction by reasonable men, and that in favor of the defendant, or where the evidence is in such a condition that if a jury were to return a verdict in favor of the plaintiff, it would become the duty of the court to set it aside.

On a motion for a nonsuit, every fact is deemed to be proved which the evidence tends to establish and the evidence is to be viewed in the light most favorable to the plaintiff, and if, so viewing the evidence, a prima facie case is made out it would then follow that the trial court would err in granting a nonsuit. Nonsuit should never be allowed unless it follows as a matter of law that recovery cannot be had upon any view of the evidence, including the legitimate inferences to be drawn from it. See Welch v. Nepstad, 135 Mont. 65, 337 P.2d 14; Nissen v. Johnson, 135 Mont. 329, 339 P.2d 651; Meinecke v. Intermountain Transportation Co., 101 Mont. 315, 55 P.2d 680; Lesage v. Largey Lumber Co., 99 Mont. 372, 43 P.2d 896; McIntyre v. Northern Pac. Ry., 56 Mont. 43, 180 P. 971.

Section 93-4705, subd. 5, R.C.M.1947, reads as follows:

"An action may be dismissed or a judgment of nonsuit entered in the following cases: * * *

"5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case for the jury; * * *"

Subdivision 5 was therefore applicable to this case in which the plaintiff tendered some evidence in support of the complaint, but the evidence is legally insufficient to sustain a verdict, and this insufficiency may arise from the inherent weakness of the testimony itself. Hamilton v. Monidah Trust, 39 Mont. 269, 102 P. 335.

In Tudor v. Northern Pac. Ry., 45 Mont. 456, 462, 124 P. 276, 278, this court held:

"In order to support a judgment, there must be substantial

334

evidence of every fact necessary to a recovery. Mere conjectures or speculations are not sufficient.''

Applying long-settled principles of law it is manifest that the trial court was correct in directing a verdict and accordingly the judgment is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES ADAIR and CASTLES concur.