EVERETT E. SMITH, Plaintiff and Appellant, v. EDWARD E. BABCOCK, Defendant and Respondent.

No. 11818.
Decided March 19, 1971.
482 P.2d 1014

Harrison, Loendorf & Poston, Helena, John P. Poston (argued), Helena, for appellant.

Small, Cummins & Hatch, Helena, Carl A. Hatch (argued), Helena, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This appeal is from a jury verdict in the First Judicial District, County of Lewis and Clark, denying recovery to the plaintiff on his complaint and to the defendant on his counterclaim. Plaintiff appeals from a judgment on the jury verdict and the trial court's subsequent denial of a new trial.

The action involves a collision of two automobiles, one owned by the plaintiff Everett E. Smith, hereinafter referred to as "Smith," the other owned by defendant Edward E. Babcock, hereinafter referred to as "Babcock." The collision occurred on February 25, 1967, on the Lincoln Interchange of Interstate Highway No. 15, approximately 10 miles north of Helena.

At the time of the accident, Smith's car was being driven by one Russell Hamilton, sixteen year old nephew of Smith's wife, who had been living with the Smith family since September 1966. On the day of the accident, Hamilton requested the use of the Smith automobile, a 1964 Plymouth Fury, to pick up a saddle. Hamilton and his brother had made a deal to break some horses, for which they were to be given a colt, and the saddle to be picked up was to be used in breaking the horses, in fulfillment of Hamilton's part of the bargain. The record is clear that Hamilton had the express permission of Mrs. Smith to use the family car, and that neither Smith nor his wife had any interest whatsoever in the purpose of the trip made by Hamilton in the automobile.

To return home from this trip, Hamilton drove Smith's car east on a county road that passes over Interstate Highway No. 15. Babcock had taken the northbound off-ramp from the Interstate Highway, stopped at the stop sign for the county road, and, upon seeing no approaching traffic either from east or west, proceeded to turn left, intending to drive west to Canyon Creek. While in the process of making the turn, he was struck by the Smith car driven by Hamilton. Babcock was driving a 1962 Plymouth Valiant. There is no direct evidence of the speed of the Smith car at the time of impact, but Hamilton testified that he was driving about 60 miles per hour at the time he first saw Babcock. He testified that upon seeing the Babcock car he hit his brakes but skidded some distance before striking the Babcock car.

The record shows that at the time of the accident Hamilton had had a driver's license for six months but that he had also driven farm machinery and cars on back roads before receiving his license. Smith testified he had never before loaned his car to Hamilton to drive alone, but had driven with him and believed him to be a competent driver. Hamilton had his own car which was not available the day of the accident. In addition, he had never before had an accident nor received a traffic violation citation.

Smith brought suit against Babcock for damages suffered from loss of use of his automobile and damage to the automobile, due to Babcock's negligence, in the sum of $2,000. Babcock denied Smith's allegations in his answer and counterclaimed against Smith for damages to his automobile in the amount of $1,045, due to Smith's negligence in intrusting to Hamilton the automobile, which he alleged, Hamilton negligently drove into Babcock's automobile.

Discovery in the form of interrogatories was completed by both parties. Based upon the pleadings and answers to interrogatories, Smith moved for summary judgment and requested dismissal of Babcock's counterclaim. Both motions were denied and the case was tried to a jury on September 29, 1969. At the close of the evidence, both parties made motions for directed verdicts, which were denied. The jury returned a verdict denying recovery to either party on their respective claims.

Smith's motion for a new trial was denied. From the verdict, the judgment thereon, and the denial of his motions for a directed verdict and new trial, Smith appeals.

Four issues are presented on appeal.

1. Did the trial court err in refusing to give plaintiff's proposed instruction No. 6?

2. Did the trial court err in denying plaintiff's motion for a directed verdict at the close of all the evidence on the defendant's counterclaim and in giving court's instruction No. 18?

3. Did the trial court err in allowing witness Heen to testify over objection and claim of surprise?

4. Did the trial court err in denying plaintiff's motion for a new trial?

The first two questions hinge upon defendant's contention that plaintiff was negligent in that he intrusted his automobile to Hamilton and that such negligence was a proximate cause of the accident. This argument is used by the defendant to claim recovery on his counterclaim for damages and to prevent plaintiff's recovery on his complaint by virtue of his contributory negligence in intrusting his automobile to Hamilton, who, de-

fendant contends, negligently caused the accident and by whose negligence plaintiff is bound. We find defendant's contentions to be totally unsupported by the facts presented at trial.

Smith offered the following instruction, plaintiff's proposed instruction No. 6, which was refused by the trial court:

"You are instructed more than one person may be responsible for causing injury. If you find that the defendant was negligent and that his negligence proximately caused injuries to the plaintiff, it is not a defense that some third person may also have been negligent."

Clearly, plaintiff offered this instruction so that the jury would know that it is the law that the plaintiff may recover from the defendant if the defendant was negligent and his negligence was a proximate cause of the damage, even though a third person may also have been negligent. Lake v. Emigh, 121 Mont. 87, 190 P.2d 550. The above instruction was taken directly from the Montana Jury Instruction Guide and is a proper instruction to use in a case in which a person who is not a party to the action may be guilty of concurrent negligence.

The instruction was offered to prevent the possibility that the jury might think Hamilton had also been negligent and such negligence should prevent recovery by the plaintiff. The issue of whether Hamilton was or was not negligent could not properly be considered by the jury for the following reasons.

Any negligence on the part of Hamilton, as the driver, cannot be imputed to Smith, the owner, unless Hamilton was acting as the agent of Smith. It is the general rule that negligence of the driver, even though a minor, cannot be imputed to the owner of the car, so as to preclude the owner's recovery against an allegedly negligent third person for damages to the vehicle, unless the driver was acting as the agent or employee of the owner. 1 Blashfield Auto Law 3rd Ed., § 62.6, p. 452.

Here, the only possible relationship of Smith to Hamilton is that of family, in that Hamilton was Mrs. Smith's nephew. This Court stated in Clawson v. Schroeder, 63 Mont. 488, 499, 208 P. 924, 927, as follows:

"We are of the opinion, and express the rule in this state, that the mere ownership of an automobile purchased by a father for the use and pleasure of himself and family does not render him liable in damages to a third person for injuries sustained by its operation by the owner's minor son, while operating the same on a public street or highway in furtherance of the son's own business or pleasure. The fact that the son had the father's special or general permission to use the car is wholly immaterial."

In *Clawson* this Court also quoted the general rule concerning liability of one member of a family for another's acts from section 901, Babbitt on the Law Applied to Motor Vehicles, 2d ed. by Blackmore:

" 'The essence of the doctrine of respondeat superior is that of agency. The relation of parent and child, or husband and wife, *or other family connection,* unaccompanied by the contractual relation of employer and employee, is not sufficient to create responsibility on the part of the one for the act or omission of the other.' " (Emphasis added)

In *Clawson* this Court rejected the family purpose doctrine, which hold the owner of a family vehicle liable for the negligence of a member of the family. It was rejected again in Castle v. Thisted, 139 Mont. 328, 363 P.2d 724, and we reject it in the instant case. Any possible negligence on the part of Smith's wife's nephew cannot be imputed to Smith without showing an agency relationship. No such facts are found in this case.

To the contrary, here Hamilton was driving the car in pursuit of a project that could bring gain only to him. Smith knew nothing about it and had no connection with it. In addition, it was Mrs. Smith who loaned Hamilton the car, and although the issue has not been raised by the parties, we question whether this action of Mrs. Smith can bind Mr. Smith, in the absence of proof of any agency relationship.

In view of our discussion above, we hold that under no theory of the facts presented in this case could Smith be held liable for the negligence of Hamilton. Accordingly, any negli-

gence on the part of Hamilton cannot be imputed to Smith to prevent him from recovering from Babcock, if the evidence shows Babcock negligent. The trial court erred in failing to give plaintiff's proposed instruction No. 6.

The second question on appeal is whether the trial court erred in denying plaintiff's motion for a directed verdict at the close of evidence on defendant's counterclaim for damages against plaintiff, and further, was it error to give instruction No. 18; This question concerns the issue of whether the plaintiff was negligent in intrusting his automobile to Hamilton.

Defendant contends that the record raises enough doubts about the competence of Hamilton as a driver to allow the jury to consider whether plaintiff was negligent in intrusting his car to Hamilton. Defendant contends that the supporting facts are (1) Hamilton was only 16 years of age; (2) he had been a licensed driver for only 6 months; (3) Smith had never intrusted his car with Hamilton alone before; and (4) that Hamilton operated the automobile in such a reckless manner that he caused the accident.

We emphasize that whether Hamilton was or was not negligent, is immaterial to the trial of the instant case and the determination of this appeal. That aside, defendant contends that because Hamilton was sixteen and had never driven Smith's car alone before, was enough evidence to send the question of Smith's negligence in intrusting his car to Hamilton to the jury.

The record shows Hamilton had a car of his own and apparently had no need to drive Smith's car most of the time. Smith testified he believed Hamilton to be a safe driver. Additionally, Hamilton had a valid driver's license, had no record of traffic violations, and had experience driving farm vehicles and cars on back roads prior to obtaining a driver's license.

From the record there was no evidence that Hamilton was not a safe and competent driver. There are no facts before the

Court that would indicate Smith had any reason to foresee that Hamilton would be in an accident and, therefore, to refuse permission for use of his car.

The general rule concerning the intrustment of an automobile to an incompetent driver is stated in 60A C.J.S. Motor Vehicles § 431(1), p. 944:

"The law requires that the owner of a motor vehicle use care in allowing others to assume control over and operate the vehicle, and thus an owner who intrusts his vehicle to another has the duty to put it in charge of a reasonably prudent and competent driver, and to exercise reasonable care in selecting a driver and in ascertaining his competency to drive and the existence of habits which would make it unsafe to place so dangerous an agency in his hands. * * * The general rule applies to the intrustment of a motor vehicle to a minor who is an incompetent or reckless driver."

Here, there is no evidence in the record that Smith knew Hamilton to be, nor that he was, either an incompetent or reckless driver.

Defendant contends that Hamilton was inexperienced and only sixteen years old. The Maryland case of State, Use of Shipley v. Walker, 230 Md. 133, 186 A.2d 472, 474, presents a factual situation similar to the one at bar. In that case the sixteen year old stepson of the defendant owner of the automobile was operating defendant's automobile when he struck and killed a child. The child's parents brought an action against the owner of the automobile and his stepson. The stepson had had his driver's license only about a month. There was nothing on the record to show he was not a competent driver. On the question of the stepson's competency, the court found the stepfather could not be held liable for the stepson's acts and stated:

"Nor do we find merit in the argument that the stepfather could be liable on the theory that Tyler was known to be an incompetent driver. Granting that he was somewhat inexper-

ienced, there is nothing to indicate that he was not ordinarily a careful and qualified driver, and the evidence is uncontradicted that he had obtained a regular license.''

In 6 Blashfield Auto Law 3rd Ed., § 254.24, p. 379, it is stated:

''* * * the mere fact that a motor vehicle is intrusted to a minor does not impose liability on the owner on the ground that the automobile is a dangerous instrumentality, where the minor is not shown to be an incompetent driver. So, while the age of a driver may be a controlling factor in determining the question of competency, the mere fact that the driver was only 16½ years old does not establish incompetency where he had had considerable experience in the operation of automobiles. An owner's negligence in permitting one too young to operate his vehicle will not authorize recovery unless such negligence operated in some way as the proximate cause of the injuries complained of.''

In our opinion, Hamilton had been duly licensed by the State of Montana to operate a vehicle after fulfilling the various legal requirements, and there is no evidence on the record to indicate he was other than a competent driver, therefore, as a matter of law, Smith was not negligent in intrusting his vehicle to Hamilton. The question of Smith's negligence for such intrustment should not have been submitted to the jury.

Defendant's counterclaim alleged solely that Smith negligently caused the accident by intrusting his automobile to Hamilton, thus damaging the defendant. Plaintiff moved for a directed verdict at the close of evidence on the ground there was no evidence that Hamilton was an incompetent driver or that Smith could, or should have, foreseen the accident. We hold that a directed verdict in favor of plaintiff on the defendant's counterclaim should have been granted.

In ruling on motions for directed verdicts this Court stated in MacDonald v. Protestant Episcopal Church, 150 Mont. 332, 435 P.2d 369:

''The motion should be granted if it follows as a matter of law

that recovery cannot be had upon any view of the evidence,. including legitimate inferences to be drawn from it. Castle v. Thisted, 139 Mont. 328, 363 P.2d 724 (1961) and cases cited therein. If there is no evidence of any negligent act or omission of duty by the defendant to support a verdict for the plaintiff the motion should be granted. Jackson v. William Dingwall Co., 145 Mont. 127, 399 P.2d 236 (1965).''

The trial court's instructions No. 16 and 18 state as follows:

''INSTRUCTION NO. 16. Before the plaintiff can recover in this action, it must first appear to your satisfaction and from a preponderance of the evidence that the defendant was guilty of some one or more of the negligent acts or omissions set forth in plaintiff's complaint which was the proximate cause of the accident. It must also appear to your satisfaction that the plaintiff was without fault or negligence on his part which may have contributed as a proximate cause of the accident.''

''INSTRUCTION NO. 18. You are instructed that if, after a consideration of all the evidence, you find from a preponderance of the evidence, that both the plaintiff and the defendant were guilty of negligence and that some negligence on the part of each of them proximately contributed to the happening of the accident involved, your verdict shall be in favor of the defendant, even though it might appear that the negligence of one of the parties was greater than that of the other, for the law does not measure the degree of wrong or fault of negligent parties, and if the plaintiff and defendant were both negligent, and such negligence proximately contributed to the accident, then neither of them is entitled to recovery against the other.''

Each of these instructions uses language that implies to the jury that it could find the plaintiff contributorily negligent and thus deny him recovery, even though they believed the defendant also to have been negligent. The trial court erred in giving these instructions for the same reason it erred in failing to direct the verdict for the plaintiff on defendant's counter-claim. The record is barren of facts that support defendant's

claim plaintiff was personally negligent, either in regard to the accident itself or in intrusting his automobile to Hamilton. Accordingly, instructions permitting the jury to find that the plaintiff might have been contributorily negligent are improper. Instructions not warranted by the facts should not be given. Garrison v. Trowbridge, 119 Mont. 505, 177 P.2d 464.

The third issue raises the question of whether the trial court erred in permitting an expert witness, a traffic engineer, to testify on behalf of the defendant at the trial without proper notice to the plaintiff.

Plaintiff as part of his pretrial discovery submitted the following interrogatory to the defendant:

"State the names and addresses of all persons who have any knowledge or information relating to the accident or its cause who are known to you, your counsel, or his associates, investigators, employees or agents, whether obtained in the course of investigation, preparation for trial, or otherwise."

Witness Heen's name was not supplied in answer to the interrogatory by the defendant and Heen was produced and did testify at the trial about distances at the scene of the accident and visibility at the interchange.

Under Rule 26(b), M.R.Civ.P., a party may discover "* * * the identity and location of persons having knowledge of relevant facts."

We hold the plaintiff had the right under the said rule and the interrogatory propounded to the defendant to be informed in advance that the defendant would use Mr. Heen to testify as an expert witness. The wording of plaintiff's original interrogatory is broad enough to have included Mr. Heen. It is stated in 4 Moore's Federal Practice and Procedure, para 26.66[1], p. 26-478, as follows:

"Since an expert witness can be examined before trial in proper cases, the adverse party should have the right to obtain discovery of his name under the provision for discovery as to 'the identity and location of persons having knowledge of relevant facts.'"

Defendant argues that Mr. Heen did not have knowledge of relevant facts regarding the accident or its cause and his testimony was simply relevant engineering information. Defendant further contends that the information presented by Mr. Heen was not prejudicial to the plaintiff but was "neutral."

We disagree. Although it is difficult to imagine how the testimony of Mr. Heen impressed the jury, the information he gave them did imply that Hamilton should have been able to see Babcock. This information would allow the jury to imply that Hamilton was negligent by not taking evasive action or by going too fast at the time he first saw Babcock. Since the case went to the jury, as suggested above, in a state that the jury could have found that any negligence on the part of Hamilton could be imputed to Smith and Smith could be denied recovery by virtue of contributory negligence, we believe that the testimony of Mr. Heen could have been prejudicial.

The spirit of the Montana Rules of Civil Procedure requires broad disclosure of knowledge of the case on the part of all parties. Plaintiff's counsel had no time to prepare for this witness, no time to plan cross-examination, and most important, no time to obtain an expert to rebut or question the testimony of Mr. Heen. Accordingly we hold the trial court erred in permitting the testimony of Mr. Heen over the objection of plaintiff's counsel.

For the foregoing reasons, the verdict and judgment in the district court are reversed. Judgment should be entered in favor of the plaintiff on defendant's counterclaim, and a new trial is ordered on the issue of damages.

MR. JUSTICES DALY and CASTLES, concur.

MR. JUSTICE HASWELL, I concur in the result only.