Kenneth Lee VOLLMER, Plaintiff,

v.

Tom BRAMLETTE; Mountain West Farm Bureau Mutual Insurance Company, a Wyoming Corporation; and Western Farm Bureau Service Company, a Wyoming Corporation, Defendants.

No. CV–82–16–BU.

United States District Court,
D. Montana,
Butte Division.

Aug. 10, 1984.

**244**

Peter M. Kirwan, Kirwan & Barrett, Bozeman, Mont., for plaintiff.

Gene I. Brown, Landoe, Brown, Planalp, Kommers & Lineberger, Bozeman, Mont., for defendant Bramlette.

Gig A. Tollefsen, Berg, Coil, Stokes & Tollefsen, P.C., Bozeman, Mont., for defendants Mountain West and Western Farm.

## MEMORANDUM and ORDER

HATFIELD, District Judge.

Pending in this action is the motion for summary judgment of defendants Mountain West Farm Bureau Mutual Insurance Company (Insurance Company) and Western Farm Bureau Service Company, Inc. (Service Company). The motion is directed to Counts I and II of the amended complaint, Count III having been dismissed by prior order of this court.

This action arises out of a vehicle/pedestrian accident which occurred in Dillon, Montana during the early morning hours of August 31, 1980. Plaintiff alleges that at approximately 2:00 A.M. on that day, while plaintiff was walking along the roadside, defendant Tom Bramlette ran the vehicle he was driving into the plaintiff causing severe injuries.

At the time of the accident, defendant Bramlette was employed by the defendant Insurance Company as an insurance agent. Defendant Service Company is a wholly owned subsidiary of Insurance Company and the two companies have a common board of directors. Service Company apparently handles financing arrangements in connection with Insurance Company and leases vehicles to Insurance Company agents. At the time of the accident in question, defendant Bramlette was driving a vehicle leased from Service Company. Apparently, Bramlette could not have leased a vehicle from Service Company but for his relationship with Insurance Company.

### Count I/Respondeat Superior

Count I of the amended complaint, insofar as it alleges a claim for relief against these moving defendants, is premised upon the doctrine of *respondeat superior*. I.e., liability for the alleged negligence of defendant Bramlette is sought to be vicariously imposed against the moving defendants under plaintiff's allegation that, at the time of the accident, Bramlette was acting within the scope and course of his agency with defendants Insurance Company and Service Company.

In the relatively early case of *Hoffman v. Roehl*, 61 Mont. 290, 203 P. 349 (1921), the Montana Supreme Court made the following comments with respect to the doctrine of *respondeat superior*.

The decisive question in every instance is whether the agent or employee was, at the time of negligent injury, acting within the scope of his employment. If he acted independently of his employer, or was upon missions or purposes of his own, then the employer is not to be held accountable in damages. Necessarily, in most instances, the question is one of fact. It becomes one of law, however, whenever it appears that the given deviation was made for the purpose of doing something which had no connection with the servant's duty. "In determining whether a particular act is done in the course of the servant's employment, it is proper first to inquire whether the servant was, at the time, engaged in serving his master. If the act is done while the servant is at liberty from service and pursuing his own ends exclusively, there can be no question of the master's freedom from all responsibility, even though the injury complained of could not have been committed without the facilities afforded to the servant by his relation to his master." (Citation omitted).

The employer or principal is liable for the negligent acts of his employee while acting as his representative, and the purpose of the act rather than its method of performance is the test of the scope of his employment. (Citation omitted).

. . . . .

We concede the law as contended for by the defendant, that where the servant steps aside from his master's business, if but for a short space of time, and does an act not connected with the business, which is harmful to another, the master is not liable, the reason being, that the relation of master and servant does not at the time exist; but here the servant continued about the business of his employer, adopting methods deemed expedient, resulting in a third person's injury, and the employer is liable.

61 Mont., at 298–299, 203 P., at 350.

It is asserted on behalf of defendant Insurance Company that defendant Bramlette, although an agent of the Company, was not acting within the course and scope of his agency at the time of the accident. In this connection, it has been made to appear that Bramlette had been a participant in the Dillon, Montana Labor Day Weekend rodeo on August 30, 1980. After the rodeo, Bramlette had returned to his home in Dillon for a family barbeque. Later in the evening of August 30th defendant patronized several bars consuming alcoholic beverages. It was while Bramlette was returning home from the night's festivities that plaintiff was struck by Bramlette's leased vehicle.

Defendant Insurance Company asserts that from the foregoing facts it is clear that Bramlette was not acting within the course of his employment as an insurance agent at the time of the accident and that it may therefore be decided, as a matter of law, that Insurance Company cannot be held vicariously liable for the acts of its agent. Plaintiff resists this assertion by citation to references in several depositions in which certain methods of selling insurance were explored.

Particularly, it was established in the depositions that it is a commonly accepted practice in the insurance sales field to "prospect" for insurance clients by participating in recreational and social activities in groups, referred to as "nests." Superiors of defendant Bramlette testified that they were aware that Bramlette was active in rodeos and that clients had been gained by Bramlette, likely as a result of his membership in the rodeo "nest."

Of course, the issue is not whether, at some other time, defendant Bramlette utilized his rodeo "nest" to prospect for insurance business in the interests of his principal, but rather, whether on the night in question Bramlette was engaged in the service of his employer. It is only where such issue is undisputed that summary disposition as a matter of law is appropriate under Rule 56, Fed.R.Civ.P.

█ In this court's opinion, summary judgment on this issue of Count I would be inappropriate as to defendant Insurance

Company. Bramlette's agency status vis-a-vis the Insurance Company is not contested and a factual question is presented as to whether Bramlette's activities on the night in question were within the scope and course of that agency.

As to the defendant Service Company, however, nothing has been presented which presents a triable issue of fact. It is asserted on behalf of Service Company that no relationship exists between it and defendant Bramlette which would support vicarious imposition of liability on a *respondeat superior* theory. Here the court must agree. In response to defendants' motion in this regard, plaintiff relates the interrelationship of the two corporate defendants as to ownership and as to the fact that certain officers and agents of the companies are in common. No evidence has been cited by plaintiff or found through the court's own review of the discovery materials submitted that indicates in any way that defendant Bramlette was an agent of Service Company or in any way engaged in purposes of the Service Company at the time of the accident in this case.

Thus, defendants' motion for summary judgment as to Count I of the amended complaint will be denied as to defendant Insurance Company, but granted as to defendant Service Company.

### Count II

Count II of the Amended Complaint alleges liability on the part of Insurance Company and Service Company upon the additional theories of negligent hiring and negligent entrustment. By way of brief, defendants presume that plaintiff's negligent hiring claim is directed only against the Insurance Company and that the negligent entrustment claim is directed only against defendant Service Company. Plaintiff refutes these presumptions asserting that viable questions of fact exist as to the relationship and interconnection of the two corporate defendants sufficiently to allow both claims to be asserted against each defendant.

In the court's opinion, any question of fact that may have been established concerning the connection of the two companies is not material to the claims asserted in Count II. I.e., the court finds that plaintiff has failed to cite any evidence upon which a finding of negligent hiring by defendant Service Company could be premised. As has been stated, Bramlette was never employed by defendant Service Company. As Service Company never hired Bramlette, the logic of a claim against it for negligent hiring escapes the court.

Likewise, plaintiff has failed to present any evidence establishing a triable issue of fact concerning whether defendant Insurance Company negligently entrusted the leased vehicle to Bramlette. Service Company, albeit a subsidiary of Insurance Company, was the entity which entrusted the vehicle to Bramlette, not the Insurance Company. Thus, this court will limit its further consideration of the theory of negligent hiring only as against defendant Insurance Company and the claim of negligent entrustment only as against defendant Service Company.

#### A. *Negligent Entrustment*

Service Company asserts that summary judgment must be granted on plaintiff's negligent entrustment claim against it, essentially because at the time the vehicle was leased by Service Company to Bramlette, Bramlette was a duly licensed driver under the laws of the State of Montana. In this connection, Service Company cites Montana opinions in which the Montana Supreme Court discussed the negligent entrustment theory in view of the presence or absence of compliance with the motor vehicle licensing statutes.

In *Smith v. Babcock,* 157 Mont. 81, 482 P.2d 1014 (1971), the Court held that a directed verdict of nonliability should have been granted on a counterclaim of negligent entrustment against the owner of a vehicle that had been entrusted to the owner's nephew. The Court found no evidence that indicated in any way that the nephew was an incompetent driver and noted that the nephew was a duly licensed driver.

In *Sedlacek v. Ahrens*, 165 Mont. 479, 530 P.2d (1975), the Court affirmed a judgment against the parents of a minor who had been involved in an accident while operating a motorcycle without a license. The entrustment of the motorcycle to one not licensed under the law was a principal factor considered by the Court on the appeal. The Court noted that one of the purposes of the licensing statutes was to protect the public from unqualified drivers.

In this court's opinion, the cases cited by defendant cannot be read to hold that the fact that a person to whom a vehicle is entrusted is a licensed driver in and of itself negates a finding of negligent entrustment. In *Smith v. Babcock, supra,* the Court stated the general rule of negligent entrustment by reference to 60A C.J.S. Motor Vehicles § 131(1), p. 944, as follows:

> "The law requires that the owner of a motor vehicle use care in allowing others to assume control over and operate the vehicle, and thus an owner who intrusts his vehicle to another has the duty to put it in charge of a reasonably prudent and competent driver, and to exercise reasonable care in selecting a driver and in ascertaining his competency to drive and the existence of habits which would make it unsafe to place so dangerous an agency in his hands .... The general rule applies to the intrustment of a motor vehicle to a minor who is an incompetent or reckless driver."

157 Mont., at 88, 482 P.2d 1014. The Court's discussion of the fact that the driver of Smith's vehicle was licensed does not indicate that such would have foreclosed liability if other evidence of recklessness or incompetence existed.

In this case the allegation has been made that the driving record of defendant Bramlette was such that entrustment of a vehicle by Service Company to him was a breach of the duty owed to plaintiff; that Service Company knew or should have known of the propensity of Bramlette to drive while intoxicated, and that the breach of the duty proximately caused the injuries sustained by plaintiff.

The record in this case reflects the fact that on at least one occasion prior to the accident in this case, Bramlette had been involved in an accident while intoxicated. Suffice it to say that, in the court's opinion, plaintiff has sufficiently raised a material question of fact as to whether the duty to not entrust a vehicle to an incompetent driver has been breached by defendant Service Company in this case.

### B. *Negligent Hiring*

Count II of the amended complaint alleges liability of the moving defendants upon the theory of negligent hiring. As has been stated, only the Insurance Company is potentially liable under this theory, as Service Company did not hire or retain defendant Bramlette.

No Montana case has been cited to or found by the court which deals with the negligent hiring doctrine. It would appear, however, that the theory is widely recognized among the other jurisdictions.

Defendant maintains that the facts of the evening of the accident render plaintiff's claim untenable as a matter of law. Defendant cites three cases from other jurisdictions which have dealt with the theory. *Ponticas v. K.M.S. Investments*, Minn., 331 N.W.2d 907 (1983); *Gaines v. Monsanto Co.*, Mo., 655 S.W.2d 568 (1983); *F & T Company v. Woods*, 92 N.M. 697, 594 P.2d 745 (1979). From these cases and defendant's interpretation of the facts, defendant concludes that because Bramlette was acting wholly outside the employment context and plaintiff was in no way associated with defendant's business, no claim for negligent hiring can be stated.

To begin with, a question of fact remains to be decided whether, on the night in question, Bramlette was engaged in purposes exclusively his own or was at least partially engaged in the service of his employer. Moreover, the scope of employment inquiry is not one necessarily made in a claim of negligent hiring.

In *DiCosala v. Kay*, 91 N.J. 159, 450 A.2d 508 (1982), the New Jersey Supreme Court first specifically recognized a claim for negligent hiring or retention of an employee. In so doing, the Court specifically rejected the lower court's determination that liability could not attach where the plaintiff was exposed to the risks created by the negligent hiring in a manner unrelated to the employer's business.

We now expressly recognize the tort of negligent hiring or retention of an incompetent, unfit or dangerous employee and hold that one may be liable for injuries to third persons proximately caused by such negligence. Consistent with the majority of jurisdictions that have also recognized this tort, we further hold that the employee conduct which may form the basis of the cause of action need not be within the scope of employment. The wrong here redressed is negligence of the employer in the hiring or retention of employees whose qualities unreasonably expose the public to a risk of harm.

The trial court assumed the viability of a cause of action based on negligent hiring. Its granting the motion for summary judgment was premised upon its view that, as a matter of law, the defendants owed no duty to this plaintiff since he was on the camp grounds purely as a social guest and for reasons that were unrelated to the employment of either Kay or Reuille. The error in the trial court's approach lies in its assumption that the extent of the duty owed by the negligent employer was limited to situations within the scope of the employment of the employees. However, the duty owed is properly to be determined by whether the risk of harm from the dangerous employee to a person such as the plaintiff was reasonably foreseeable as a result of the employment.

*Id.*, 450 A.2d at 516.

In this case, plaintiff has alleged that defendant Insurance Company was negligent in employing defendant Bramlette with knowledge that he was a dangerous driver and that as a proximate result of that negligence plaintiff sustained injuries. As did the Court in *DiCosala,* this court is of the opinion that the question of foreseeability, such as would give rise to a duty of the employer, is a question of fact not properly disposed of by summary judgment.

THEREFORE IT IS ORDERED and this does order as follows:

As to Count I of the amended complaint, defendants' motion for summary judgment is denied as to defendant Insurance Company, but granted as to defendant Service Company.

As to Count II of the amended complaint, insofar as it alleges a claim for negligent entrustment, defendants' motion for summary judgment is denied as to defendant Service Company, but granted as to defendant Insurance Company.

As to Count II of the amended complaint, insofar as it alleges a claim for negligent hiring, defendants' motion for summary judgment is denied as to defendant Insurance Company, but granted as to defendant Service Company.