JUSTICE LEAPHART
dissenting.
I dissent. For reasons outlined below, I would recognize the tort of negligent retention in Montana and reverse the grant of summary judgment.
The tort of negligent retention:
arises when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his [or her] unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment. Yunker [v. Honeywell], 496 N.W.2d [419] 423 (quoting Garcia v. Duffy, 492 So.2d 435, 438-39 (Fla.Dist.Ct.App. 1986)).
ML v. Arndt (Minn. App. 1995), 531 N.W.2d 849, 857 (employee that had previously shot a co-worker and showed aggression towards coworkers was retained). In Vollmer v. Bramlette (1984), 594 F.Supp. 243, the Federal District Court for the District of Montana concluded that an employer has a duty to protect his or her employees from foreseeable employee-caused harms. That court concluded that in the negligent hiring context, “the question of foreseeability, such as which would give rise to a duty of the employer, is a question of fact not properly disposed of by summary judgment.” Vollmer, 594 F.Supp. at 248.
The basis of responsibility under the doctrine of negligent hiring is the master’s own negligence in hiring or retaining in his employ an incompetent servant whom the master knows or by the exercise of reasonable care should have known was incompetent or unfit and thereby creating an unreasonable risk of harm to others.
*270 Estate of Arrington v. Fields (Tex. Civ. App. 1979), 578 S.W.2d 173, 178.
The District Court in the case at hand, found that Bruner’s claim for negligent retention was founded in unrelenting sexual harassment during her employment and that the exclusive remedy for this type of conduct (sexual harassment) is found in the Montana Human Rights Act. I disagree. Exclusivity only applies if the two remedies share indispensable elements. Sexual harassment under the HRA and negligent retention do not share indispensable elements. The HRA requires proof of discrimination. The tort of negligent retention does not.
In Retherford v. AT&T Communications of the Mountain States, Inc. (Utah 1992), 844 P.2d 949, the plaintiff alleged, among other claims, that AT&T negligently employed several employees who harassed her. The court analyzed whether Utah’s Anti-Discriminatory Act (UADA) provided the exclusive remedy for her claims. The court adopted the indispensable element test as the analytical model to determine whether a statutory cause of action forecloses a common law remedy. Retherford, 844 P.2d at 963. Applying the test, the court first identified the injury that the statute was designed to address. Retherford, 844 P.2d at 965. Second, the court examined the elements of the plaintiff’s tort claims to determine whether any element of the claim was a necessary element of the statutory cause of action. Retherford, 844 P.2d at 965. That court concluded that the UADA addressed employment discrimination against members of specified protected groups. The court found that:
[njoticeably absent from the list of the indispensable elements of the four claims [one of which was negligent employment] is an injury that is a target of the UADA: retaliation for complaints of sexual harassment. While it is true that all four claims arise out of defendants’ retaliatory conduct, preemption depends on the nature of the injury, not on the nature of the conduct allegedly responsible for that harm.
Retherford, 844 P.2d at 967.
I would apply the two-part test from Retherford to the instant case. First, the injuries addressed by the Montana Human Rights Act (HRA) include various employment-related discriminatory acts. Second, the elements of Bruner’s tort, negligent retention, require that Bruner prove that Yellowstone County’s “negligence in hiring, supervising, or retaining its employees [Hoefer] proximately caused her harm.” See Retherford, 844 P.2d at 967. The HRA does not address *271 negligent retention of an employee who harasses or discriminates against another employee. Rather, the HRA focuses on the discriminatory acts of the employer which directly impact upon the injured employee. The HRA provides in relevant part that:
(1) It is an unlawful discriminatory practice for:
(a) an employer to refuse employment to a person, to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment because of race, creed, religion, color, or national origin or because of age, physical or mental disability, marital status, or sex distinction[.]
Section 49-2-303(l)(a), MCA.
If Bruner were alleging that Yellowstone County was harassing or discriminating against her then she would have a claim under the HRA and any common law harassment and discrimination claims against Yellowstone County would be preempted. Likewise, a claim against the County based upon Hoefer’s harassing conduct would merely be derivative in nature and would be preempted. However, here, Bruner is suing Yellowstone County, not for Hoefer’s conduct, but for the County’s own negligence in retaining Hoefer in a position where, given his prior history of harassing other women, it was foreseeable that he would harass Bruner.
The claim for negligent retention focuses on Yellowstone County’s failure to terminate Hoefer once it learned that Hoefer was harassing women employees — i.e. Bruner’s predecessors. The factual basis of the negligent retention claim against Yellowstone County started before Bruner was even hired. Bruner presented deposition testimony from the county attorney indicating that he was concerned that Bruner’s two predecessors would file constructive discharge claims against the County based upon Hoefer’s conduct towards them. This testimony certainly raises a question of fact as to the County’s prior knowledge (i.e. foreseeability) sufficient to defeat a motion for summary judgment on the claim of negligent retention.
The HRA addresses discrimination against an employee as opposed to negligence in hiring or retaining an employee. Burner’s claim of negligent retention is not premised upon discrimination. Secondly, her claim is based upon the County’s own actions, not those of Hoefer. Thus, her claim of negligent retention is not preempted by the HRA and is not controlled by the time constraints of § 49-2-501, MCA, which requires filing with the HRA within 180 days or with the EEOC within 300 days.
*272 I would reverse the District Court’s grant of summary judgment on the question of negligent retention. I do not believe that the claim of negligent retention was preempted by the HRA nor do I believe that the claim of negligent retention is subject to the filing deadlines of the HRA.
JUSTICES HUNT and TRIEWEILER join in the foregoing dissenting opinion.