No. 91-524

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

SCOTT G. MIRANTI,

        Plaintiff and Respondent,

  -vs-

ROBERT KENT ORMS,

        Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Gig A. Tollefsen; Berg, Lilly, Stokes, Andriolo &
Tollefsen, Bozeman, Montana

      For Respondent:

           J. David Penwell, Bozeman, Montana

**FILED**

Filed: JUN -2 1992

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: March 26, 1992

Decided: June 2, 1992

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Respondent, Scott G. Miranti, brought suit in the Eighteenth Judicial District Court, Gallatin County, Montana, seeking damages sustained in a motor vehicle accident. The District Court entered its judgment following a jury verdict for Miranti; Robert Kent Orms appeals. We reverse.

Orms presents the following dispositive issue for our review:

Did the District Court err in allowing Weintraub and Warwick to testify as experts?

On March 31, 1987, Miranti was driving north on Highland Boulevard when he proceeded to make a right hand turn into a private drive. During the negotiation of this turn, the vehicle driven by Orms, also travelling north on Highland Boulevard, collided with Miranti's vehicle. Damage to both vehicles was minimal. Shortly after the accident, Miranti went to the emergency room complaining of injury to his neck.

At the time of the accident, Miranti was a Bozeman police officer. He did not miss work as a result of the accident, therefore, he did not claim lost wages or lost earning capacity related to his law enforcement employment.

However, Miranti was also a competitor in Taekwondo, an amateur martial art sport akin to karate. Three days after the accident, Miranti competed in a national Taekwondo championship in California. He won six out of seven of his scheduled matches, losing the final match to Jimmy Kim, the number one blackbelt in the United States.

Sixteen months after the accident, Miranti fought Jimmy Kim

2

again in an Olympic qualifying match. Jimmy Kim won that match which sent him to the 1988 Olympics where he won a gold medal in Taekwondo.

Miranti brought suit alleging that he suffered personal injury and other damages, including lost earning capacity damages, as a result of Orms' negligence. Orms admitted that he negligently struck Miranti's vehicle. Consequently, only the issues of comparative negligence and damages were submitted to the jury. The jury awarded Miranti $53,000 (less twenty-three percent for Miranti's comparative negligence). Orms appeals from the jury's verdict.

Did the District Court err in allowing Weintraub and Warwick to testify as experts?

Miranti called Michael Weintraub and Jay Warwick, both experienced in many aspects of Taekwondo, to testify as expert witnesses regarding Miranti's lost earning capacity. Orms objected to Weintraub's and Warwick's expert testimony because Miranti failed to disclose them as experts in discovery and when ordered by the court. However, the District Court allowed both witnesses to testify as experts over Orms' continuing objections.

Orms maintains that Miranti qualified Weintraub as an expert, based on his overall experience in Taekwondo and his marketing background, with special knowledge concerning the economic value of attaining an Olympic medal. Orms maintains that Miranti qualified Warwick as an expert, based on his participation in the 1988 Olympics, with special knowledge and experience on the value of possessing an Olympic medal.

Weintraub and Warwick testified about the effect Miranti's

3

injury would have on his career in Taekwondo. Miranti elicited testimony which indicated that he would be less successful in his Taekwondo career because the neck pain adversely affects his performance. Additionally, Weintraub and Warwick testified regarding Miranti's failure to participate in the Olympics; both experts indicated that non-participation in the Olympics would adversely affect Miranti's goal of operating a successful Taekwondo school. Weintraub testified that without the stature of being an Olympic competitor, Miranti would lose prospective students each year, resulting in a loss of profit. Weintraub testified that Miranti would lose approximately 100 students per year who would each pay roughly $1,000 per year, resulting in a net loss of about $100,000 per year. Warwick estimated that Miranti would lose between fifty and 100 students per year as a result of his non-performance in the Olympics.

Orms had notice that both Weintraub and Warwick would be called as witnesses, but not as expert witnesses. Orms contends that the court erred in allowing this expert testimony because it restricted his ability to cross-examine and he did not have an opportunity to prepare his own expert witness to rebut Miranti's evidence regarding lost earning capacity.

Prior to trial, Orms repeatedly attempted to discover information concerning Miranti's lost earning capacity claim, including information regarding Miranti's choice of experts. First, Orms submitted interrogatories to Miranti in November of 1988 which Miranti answered December 15, 1988. Orms elicited information to determine what evidence Miranti would present to support his claim. The following interrogatories and answers

4

indicate the type of information Orms sought and received:

INTERROGATORY No. 12: Are you claiming lost earning capacity as a result of the injuries you sustained in the accident? If so, please state:

A) The total amount of lost earning capacity you are claiming;

B) How such amount of lost earning capacity was calculated;

ANSWER: Undetermined at the present time. An economic analysis is being made and a copy of the report will be provided to the defendant when it is prepared.

INTERROGATORY No. 16: For each expert witness whom you intend to call to testify at trial of this matter please state:

A) His or her name and address;

B) The subject matter on which he or she is expected to testify;

C) The substance of the facts and opinions to which he or she is expected to testify;

D) A summary of the grounds for each opinion.

ANSWER: Not available at this time - information will be provided when available to the plaintiff.

Orms also submitted the following request for production to Miranti with which he complied on August 24, 1989. Orms sought Miranti's tax returns for a five-year period to determine the amount of damages Miranti was claiming for lost earning capacity.

REQUEST FOR PRODUCTION No. 1: All of your tax returns for the years 1983 through 1988. (This request need be complied with only if you are claiming lost wages of [sic] lost earning capacity in this lawsuit.) [Emphasis added.]

RESPONSE: Not applicable.

Miranti failed to provide the information even though he agreed to do so in his answers. Additionally, Miranti failed to supplement his answers to the above interrogatories as required by

5

Rule 26(e), M.R.Civ.P., which states:

> A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired, except as follows:
>
> (1) A party is under a duty seasonably to supplement the response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony. [Emphasis added.]

Further, the court required both parties to exchange witness lists pursuant to its scheduling order:

> Exchange witness (including proposed experts) and exhibit lists. As to all witnesses state the substance of testimony anticipated, and, if experts, the grounds for opinion.

The parties partially complied with this order. Although Miranti listed Weintraub and Warwick as witnesses, he did not designate them as experts, nor did he indicate the grounds for their opinions as ordered by the court.

Miranti acknowledges that the names of these experts were not listed in his first answers to interrogatories and that the experts were merely listed as witnesses on the pre-trial order. However, Miranti contends that Orms knew both Weintraub and Warwick would testify as experts, rendering his failure to designate them as such harmless. We disagree.

As is evident from the foregoing, Orms sought information regarding the identity of any experts Miranti intended to produce at trial and the bases for their opinions. Miranti failed to provide Orms with this information. Further, Miranti failed to

6

comply with his continuing obligation to supplement his answers to interrogatories and submit a list of experts to Orms prior to trial although he was given numerous opportunities to do so. We agree with Orms that this failure severely limited his ability to effectively cross-examine these witnesses.

Admissibility of evidence is within the sound discretion of the trial court and we will reverse the trial court only if it abused its discretion. Vestre v. Lambert (1991), 249 Mont. 455, 461, 817 P.2d 219, 222. Weintraub and Warwick were qualified as expert witnesses and testified as such over the objection of Orms. Allowing this evidence amounted to an abuse of discretion. Therefore, the District Court erred in allowing Weintraub and Warwick to testify as experts.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7