No. 01-381

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 139

SUPERIOR ENTERPRISES, LLC, a Montana
limited liability corporation,

       Plaintiff and Appellant,

    v.

THE MONTANA POWER COMPANY,
a Montana corporation,

       Defendant and Respondent.


APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Mineral,
                The Honorable Edward P. McLean, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

       John E. Bohyer, Fred Simpson, Phillips & Bohyer, P.C., Missoula, Montana

       For Respondent:

       W. Wayne Harper, Attorney at Law, Butte, Montana


                      Submitted on Briefs:  December 6, 2001

                              Decided:     June 20, 2002

Filed:


                               Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1    The Plaintiff, Superior Enterprises, LLC, brought this action in the District Court for the Fourth Judicial District in Mineral County to recover for fire damage to its sawmill which it claimed was caused by the electrical lines of the Respondent, Montana Power Company (MPC).  Following a trial by jury, a verdict in favor of MPC was returned.  Superior Enterprises appeals the District Court's refusal to exclude an expert witness which MPC had not disclosed prior to trial.  We reverse and remand for a new trial.

¶2    The sole issue on appeal is whether the District Court abused its discretion when it allowed Ralph Parkin to testify as an expert witness even though he had not been previously disclosed by MPC as an expert witness.

FACTUAL AND PROCEDURAL BACKGROUND

¶3    Superior Enterprises, LLC, owned a sawmill located near Superior, Montana.  On November 26 or 27, 1996, a fire destroyed several buildings, industrial equipment and inventory at the mill site.  Superior Enterprises claims the fire was caused by damaged electrical lines.  Three to four days before the fire, a chip truck snagged communication lines overhanging the road adjacent to the plant.  Those communication lines were attached to the same utility pole to which the electrical service lines were attached.  Superior Enterprises' theory at trial was that MPC negligently failed to inspect the damaged lines, failed to disconnect the power, and failed to advise Superior Enterprises to hire an electrician to

2

inspect the lines even though Superior Enterprises had contacted the MPC emergency service number on two separate occasions.

¶4    At trial, Superior Enterprises offered expert opinion evidence from two witnesses, Bruce Goodwin, deputy state fire marshal, and Don Armintrout, a private fire investigator. Both witnesses expressed the opinion that the damaged electrical service lines were the cause of the fire. During the presentation of its evidence, MPC called retired fire chief Ralph Parkin as a witness. Counsel for Superior Enterprises objected based on MPC's failure to disclose Parkin as a witness prior to trial. MPC responded that Parkin was being called as an impeachment witness. The District Court overruled the objection and Parkin was allowed to testify. Superior Enterprises had listed Parkin as a lay witness in its pretrial order and on its witness disclosure list prior to trial, but decided not to call Parkin as a witness at trial. Parkin's son and daughter-in-law were seated as members of the jury panel.

¶5    On April 9, 2001, the jury returned a verdict for MPC and the District Court subsequently entered judgment in MPC's favor. On May 10, 2001, Superior Enterprises filed a Notice of Appeal of the District Court's judgment.

## STANDARD OF REVIEW

¶6    The district court has the discretion to rule on the admissibility of evidence. We review those rulings for an abuse of discretion. *Massman v. City of Helena* (1989), 237 Mont. 234, 241-42, 773 P.2d 1206, 1211.

## DISCUSSION

3

¶7   Did the District Court abuse its discretion when it allowed Ralph Parkin to testify as an expert witness even though he had not been previously disclosed by MPC as an expert witness?

¶8   Superior Enterprises contends that the District Court abused its discretion when it allowed Ralph Parkin, a retired fire chief, to testify for MPC.  Parkin offered testimony which contradicted Superior Enterprises' theory of its case.  Superior Enterprises asserts that the testimony was inadmissible pursuant to the requirement that when asked, a party must disclose its anticipated expert witnesses prior to trial.  Rule 26(b)(4), M.R.Civ.P.  As relief, Superior Enterprises urges this Court to order a new trial.

¶9   MPC, on the other hand, claims that Parkin was called as an impeachment witness.  Because Parkin had been a witness disclosed by Superior Enterprises in response to formal discovery and in its final pretrial order, MPC contends that calling Parkin did not constitute surprise to Superior Enterprises.  MPC also asserts that Superior Enterprises did not object to the expert nature of Parkin's testimony, and, therefore, may not raise that objection for the first time on appeal.

¶10  Because a proper objection is necessary to preserve an issue for appeal, we will first consider the adequacy of Superior Enterprises' objection.  MPC contends that Superior Enterprises' only objection to the testimony of Parkin was based on MPC's failure to disclose him as a witness, not as an expert witness. Without objecting to the expert nature of Parkin's testimony, MPC claims Superior Enterprises failed to preserve the issue on appeal.

4

¶11 In order to preserve an objection to admission of evidence for purposes of appeal, the objecting party must make a timely objection and must state "the specific ground of objection, if the specific ground was not apparent from the context; . . . ." Rule 103(a)(1), M.R.Evid. An objection is sufficiently specific "if it is accompanied by a reasonably definite statement of the grounds for the objection." *Kizer v. Semitool, Inc.* (1991), 251 Mont. 199, 207, 824 P.2d 229, 234 (*citing* Edward W. Cleary et al., *McCormick on Evidence* § 52, at 128 (3rd ed. 1984)).

¶12 Here, Superior Enterprises made the following objection:

The Court:    Mr. Bohyer, your objection to this witness?

Mr. Bohyer:   Yes, Your Honor. In the pretrial order, this witness is not listed by the Defendant as one of the witnesses that they intend to call. I would point out that in the pretrial order, in terms of witnesses, we've identified a bunch of them, including adverse. We also identified Mr. Parkin on our list. He was not called. The Defendant did not list this witness as one of its own to call in its case in chief and I object on that basis.

¶13 Superior Enterprises' objection advised the District Court that MPC had never disclosed that it intended to call Parkin as a witness, expert or otherwise. The District Court was apparently aware that Parkin was testifying as an expert based on the following exchange:

5

Mr. Parkin:    Speaking with some of the folks that were there, they indicated that at that time that –

The Court:    Excuse me.    When I overrule the objection, let me tell you what the rules are. You are allowed to form a conclusion *as an expert witness* based on what people have told you, but you're not allowed to repeat what they have told you.  Do you understand what I am saying?  [Emphasis added.]

Therefore, in the context of this case, we decline to draw a distinction between the failure to disclose a witness and the failure to disclose an expert witness, and we conclude the objection was adequate.

¶14 We must next determine whether MPC's failure to disclose Parkin as a witness was prejudicial to Superior Enterprises. Although characterized by MPC as an impeachment witness, Parkin offered testimony regarding the cause of the fire and directly refuted the testimony of Superior Enterprises' two expert witnesses, Bruce Goodwin and Don Armintrout.   He testified as follows:

Q:   Okay.  And with your knowledge of fires and the heat that would burn a timber of that size, could that wire have been involved in the fire at the time that that beam burned?

A:   It appears that there's still insulation on the wiring, and I don't know, it looks likes [sic] it's aluminum wiring.   And with as much heat was involved in that building, the insulation should have been burnt off completely and probably the wire separated or melted down, if it's aluminum. It doesn't take much heat to melt aluminum.

. . . .

Q:   Likewise, could you have a beam with that kind of insulation on it if it – Could that beam and insulation or wire had [sic] burned together with the heat that was there?

6

A: The insulation, well, certainly would have burned off if it would have been that much fire to burn that kind of – That's a big beam.

. . . .

Q: . . . I've been told this is a textbook picture of how a wire could work its way into a beam and spark and slowly burn it up.
Have you even seen a wire work its way into a beam and – or put a notch like that in a beam and slowly burn it up?

A: Not to my knowledge on any fires that I've been on.

Q: Have you even seen a notch like that in a beam that wasn't from a precut in the beam to fit something else, in your experience?

A: Not in my experience, no.

Q: And, again, would there be insulation on the wires that are in that beam?

A: Most certainly should be.

Q: Certainly should be?

A: Should be, yes.

Q: Okay. And if they were there and had insulation on them and were involved in the fire, would they have insulation on them, still?

A: No. It would be melted off.

Parkin's testimony relates information which is not within common knowledge or experience of lay people and is, therefore, in the nature of expert testimony. Expert witnesses offered by the defendant who simply refute the plaintiff's theory of the case are not "impeachment" witnesses. If they were, everyone called by the defendant would be an impeachment witness. As an expert witness, Parkin should have been disclosed.

7

¶15 Prior to trial, MPC was given several chances to disclose Parkin as a witness, yet failed to do so. Superior Enterprises sent MPC the following interrogatory request:

INTERROGATORY NO. 4: In accordance with Rule 26(b)(4), Montana Rules of Civil Procedure, please state the name, telephone number, and present address of each person you expect to call as an expert at the trial of this action. With respect to each such expert, please set forth the follow information:

(a) The subject matter on which each expert is expected to testify;
(b) State in detail the substance of all facts about which each such expert is expected to testify;
(c) State in detail the substance of all opinions to which each such expert is expected to testify;
(d) State in detail a summary of the grounds for each such opinion held by each expert and state in detail the substance of all facts upon which such opinions are based; and
(e) Please describe each and every document, photograph or thing supplied by MPC to the expert.

On September 22, 1998, MPC responded as follows: "None have been identified. MPC acknowledges the continuing nature of this request."

¶16 Despite MPC's acknowledgment of its continuing duty to supplement its response with the identity of each person expected to be called as an expert witness, the subject matter on which the person is expected to testify, and the substance of the person's testimony, as required by Rule 26(e)(1)(B), M.R.Civ.P., MPC failed to do so.

¶17 In addition, the District Court entered a scheduling order, agreed upon by both parties, which required each party to disclose

its experts, pursuant to Rule 26(b)(4), M.R.Civ.P., by February 15, 2001.  MPC did not disclose any experts.

¶18  The spirit of the Montana Rules of Civil Procedure requires liberal disclosure on the part of all parties, including the disclosure of witnesses.  *Smith v. Babcock* (1971), 157 Mont. 81, 92, 482 P.2d 1014, 1020.  Failure to disclose an expert witness constitutes reversible error.  *Miranti v. Orms* (1992), 253 Mont. 231, 235, 833 P.2d 164, 166 (district court abused its discretion when it allowed two witnesses to testify as experts, when they had only been listed as lay witnesses, because it severely limited the objecting party's ability to effectively cross-examine the witnesses); *Vestre v. Lambert* (1991), 249 Mont. 455, 462, 817 P.2d 219, 223 (district court committed reversible error when it allowed the defendant to solicit undisclosed expert testimony from a witness previously called to discuss factual issues, when neither party had listed the witness as an expert); *Babcock*, 157 Mont. at 91-92, 482 P.2d at 1020 (district court erred in permitting an expert witness to testify on behalf of the defendant at trial when defendant failed to list expert in an interrogatory answer).  Failure to disclose an expert witness will usually prejudice the opposing party because it has (1) no time to prepare for the witness, (2) no time to effectively plan for cross-examination of the witness, and (3) no time to obtain an expert to refute or question the testimony of the witness.  *Babcock*, 157 Mont. at 92, 482 P.2d at 1020.

9

¶19 We conclude that the failure of MPC to disclose Parkin as an expert witness resulted in prejudice to Superior Enterprises. Although Superior Enterprises listed Parkin as a witness, neither party listed him as an expert witness. Superior Enterprises did not learn Parkin would testify until he was called to the stand by MPC. Although Superior Enterprises had contact with Parkin prior to the trial, the extent of that contact and whether Superior Enterprises knew of Parkin's causation theories and was prepared to rebut them is unknown. Superior Enterprises did not depose Parkin, presumably because they had no reason to believe he would testify as an expert witness. For purposes of trial preparation, there is a big difference between knowing about a factual witness and understanding that he will be called as an expert witness by your opponent. Therefore, MPC's argument that Superior Enterprises was not prejudiced because it had listed Parkin as a witness is unpersuasive.

¶20 Because MPC did not identify Parkin as an expert witness in response to discovery requests by Superior Enterprises and a scheduling order agreed upon by the parties, we conclude that the District Court abused its discretion when it allowed Parkin to testify. Therefore, we reverse and remand for a new trial.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE

10

Justice W. William Leaphart dissenting.

**¶21** **I dissent for the reason that Superior Enterprises did not object to the expert nature of Parkin's testimony. The only objection to Parkin's testimony was lodged when Parkin was called to the stand. Superior Enterprises objected as follows: "The defendant did not list this witness as one of its own to call in its case in chief and I object on that basis." Thus the objection was not to the expert nature of Parkin's testimony, but to the fact that although Parkin was listed on Superior's witness list, he was not listed on Montana Power's pretrial order witness list. Furthermore, there was no subsequent objection to the alleged expert nature of Parkin's testimony. An objection must stand or fall on the grounds relied upon at trial.** *Story v. City of Bozeman* **(1993), 259 Mont. 207, 217, 856 P.2d 202, 208.**

¶22 In support of its conclusion that failure to disclose an expert witness constitutes reversible error, the Court cites *Miranti v. Orms* (1992), 253 Mont. 231, 235, 833 P.2d 164, 166, and *Vestre v. Lambert* (1991), 249 Mont. 455, 462, 817 P.2d 219, 223. Both of these cases are distinguishable from the present case in that both cases involved a specific objection to the expert nature of the testimony. Here there was no such specific objection. I would affirm the decision of the District Court.

/S/ W. WILLIAM LEAPHART

11