JUSTICE LEAPHART
dissenting.
¶21 I dissent for the reason that Superior Enterprises did not object to the expert nature of Parkin’s testimony. The only objection to Parkin’s testimony was lodged when Parkin was called to the stand. Superior Enterprises objected as follows: “The defendant did not list this witness as one of its own to call in its case in chief and I object on that basis.” Thus the objection was not to the expert nature of Parkin’s testimony, but to the fact that although Parkin was listed on Superior’s witness list, he was not listed on Montana Power’s pretrial order witness list. Furthermore, there was no subsequent objection to the alleged expert nature of Parkin’s testimony. An objection must stand or fall on the grounds relied upon at trial. Story v. City of Bozeman (1993), 259 Mont. 207, 217, 856 P.2d 202, 208.
¶22 In support of its conclusion that failure to disclose an expert witness constitutes reversible error, the Court cites Miranti v. Orms (1992), 253 Mont. 231, 235, 833 P.2d 164, 166, and Vestre v. Lambert (1991), 249 Mont. 455, 462, 817 P.2d 219, 223. Both of these cases are distinguishable from the present case in that both cases involved a specific objection to the expert nature of the testimony. Here there was no such specific objection. I would affirm the decision of the District Court.